

**DICELLO LEVITT GUTZLER**
444 MADISON AVENUE   FOURTH FLOOR   NEW YORK, NEW YORK 10022

December 10, 2020

**Re:** *Jane Doe v. Jonathan Baram, et al.*, **No. 1:20-cv-09522-ER**

Dear Judge Ramos,

We represent Plaintiff Jane Doe in the above-referenced matter. Pursuant to Section 2.A. of the Court's Individual Rules of Practice, Plaintiff respectfully submits this letter in opposition to Defendants' letter, filed on December 8, 2020, requesting a six-month extension of time to respond to Plaintiff's Complaint. (Doc. 14.)

This is an action in which Plaintiff, a minor at the time, alleges that she was brutally raped and sodomized as a direct result of Defendants trafficking her to Peter J. Nygard ("Nygard"), in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The Complaint alleges that Defendants, a purported talent agent and his talent agency, used their status in the modeling and acting industry to lure Plaintiff Jane Doe, an aspiring model and actress, so that they could traffic her to Nygard in exchange for future clients and other benefits, such as traveling on Nygard's private plane, staying at his mansion in the Bahamas, and otherwise participating in his sex trafficking venture. *See, e.g.*, Photographs (attached as **Ex. A**).

While Defendant claims that he was previously unaware of these allegations and that he did not know he needed to find an attorney, he was notified of the allegations against him on July 15, 2020. *See* July 15, 2020 Email Correspondence (attached as **Ex. B**). Defendant is also a frequent litigator in this Court and other courts and, thus, he is familiar with the requirements of litigation, including the need to promptly contact an attorney to timely respond to a Complaint. *See, e.g.*, *Frye v. Lagerstrom*, No. 1:150cv005348-NRB (S.D.N.Y. 2015) (third party defendant in copyright action); *Frye v. Lagerstrom*, No. 2020-cv-03134 (2d Cir. 2020); *Gibbs v. Baram¸* Index No. 0120748/1999 (N.Y. S. Ct. 2000) (defendant in a sexual assault case in which he was represented by counsel). Defendant's claim of surprise—when he did nothing after being personally notified in July of Plaintiff's intent to file a lawsuit—is disingenuous at best and at worst an affirmative misrepresentation to the Court.

Moreover, a six-month extension of time to respond to Plaintiff's Complaint is patently unreasonable. Defendant's stated reason for an extension does not provide a reasonable justification for any extension, let alone a six-month extension. As of December 1, 2020, in person operations in the Southern District of New York are suspended until January 15, 2021. *See* Nov. 30, 2020 Standing Order. And, as has been the case since the COVID-19 pandemic began, most courts have been conducting court hearings and conferences remotely via video conference or telephone. There are presently no in-person conferences scheduled with the Court in this matter. And Defendant is not required to travel to New York to file a response to Plaintiff's Complaint, as evidenced by his electronic filing of a request for an extension.

Indeed, in one of the communications that Defendant attaches to his motion, he describes the allegations against him as "ridiculous." There is nothing preventing him then from electronically filing an Answer and denying the "ridiculous" allegations against him. Permitting a six-month extension will serve no purpose other than further victimizing Plaintiff and unnecessarily delaying her right to pursue justice for the brutal rape and sodomy that Defendants caused.

                                                                                               Respectfully submitted,

                                                                                               Greg G. Gutzler

cc:    All Counsel of Record via ECF