

**DICELLO LEVITT GUTZLER**
444 MADISON AVENUE    FOURTH FLOOR    NEW YORK, NEW YORK 10022

January 7, 2021

**Re:** *Jane Doe v. Jonathan Baram, et al.*, **No. 1:20-cv-09522-ER**

Dear Judge Ramos,

    We represent Plaintiff Jane Doe in the above-referenced matter. Pursuant to Section 2.A. of the Court's Individual Rules of Practice, Plaintiff respectfully submits this letter in opposition to Defendants' letter, served on Plaintiff on January 4, 2021, requesting a second extension of time to respond to Plaintiff's Complaint until February 9, 2021. (attached as **Ex. A**) Plaintiff believes that Defendants intended to file their letter with the Court, but as of the date of this filing it has not been docketed.

    This is an action in which Plaintiff, a minor at the time, alleges that she was brutally raped and sodomized as a direct result of Defendants trafficking her to Peter J. Nygard ("Nygard"), in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The Complaint alleges that Defendants, a purported talent agent and his talent agency, used their status in the modeling and acting industry to lure Plaintiff Jane Doe, an aspiring model and actress, so that they could traffic her to Nygard in exchange for future clients and other benefits, such as traveling on Nygard's private plane, staying at his compound in the Bahamas, and otherwise participating in his sex trafficking venture. After sending nude photos of Plaintiff to Nygard, transporting her to Nygard, at which point Plaintiff was drugged and sodomized, Baram transported her back to his apartment where he then assaulted her himself.

    While Defendant Jonathan Baram ("Baram") claims that "there is absolutely no evidence of [Plaintiff's] evil claims against him" and that he has "no association with Peter Nygard," his claims are demonstrably false. Photographs of Baram place him at Nygard's compound in the Bahamas (*see, e.g.*, Doc. No. 15, Ex. A) and flight manifests show, on at least one occasion, he flew on Nygard's private jet to the Bahamas with Nygard—where the Department of Justice ("DOJ") indictment in *United States v. Nygard*, No. 20 CR 624 (S.D.N.Y.) ("DOJ Indictment") (attached as **Ex. B**) describes that much of Nygard's criminal activity occurred. Baram also has a close association with Nygard's top "girlfriend" and "recruiter," Suelyn Medeiros—serving as her "talent agent"[1] and photographed with her at Nygard's Bahamas compound. (*See, e.g.*, Doc. No. 15, Ex A.); *see also* Amended Complaint, *Jane Doe v. Medeiros*, No. 1:20-cv-24357, Dkt. No. 21 (S.D. Fla. Dec. 30, 2020) (Martinez, J.)

    Baram also has a history of being haled into court for sexual abuse and has been accused of using his position as a "talent agent" to sexually abuse his clients. *See, e.g.*, *Gibbs v. Baram¸* Index No. 0120748/1999 (N.Y. S. Ct. 2000) (defendant in a sexual assault case in which he was represented by counsel); *see also Frye v. Lagerstrom, et al.*, No. 1:2015cv05348, Dkt. No. 84-1 at 25-35 (S.D.N.Y. Aug. 4, 2016). Indeed, the DOJ Indictment and Canadian Arrest Warrant corroborate that Nygard used "the ruse of modeling and other fashion industry jobs . . . to lure victims" and that he had "multiple co-conspirators [that] used force, fraud, and coercion to recruit and entice female victims . . . to engage in paid sex with NYGARD"—exactly what Plaintiff alleges here. Ex. A at 6; Canadian Arrest Warrant at 7 (attached as **Ex. C**). Simply put, Baram's portrayal of the claims against him as "playing the system" and "wasting the courts [sic] time fishing for information for their class action lawsuit against Nygard" has no basis in fact. What is

---

[1] *See* http://warrenandbaram.com/the-talent-4/

based in fact is a wide-ranging sex trafficking venture spearheaded by Peter Nygard and assisted by myriad co-conspirators in the fashion industry. As stated in the Complaint here, and consistent with the DOJ Indictment of Nygard, Nygard used a variety of models and modeling managers to lure innocent children and women to him. This case is one such example.

      Plaintiff agrees that the conduct Baram is alleged to have committed in this case is "evil," which is precisely why Plaintiff cannot agree to a second extension in this matter. It will only serve to further unnecessarily delay Plaintiff's right to pursue justice for the brutal rape and sodomy that Defendants caused through his participation and profit in Nygard's sex trafficking venture. Jane Doe was severely traumatized by the harm inflicted upon her; every continuance furthers the trauma and revictimization of Jane Doe.

      Moreover, the dubious reasons set forth by Baram as to why he requires an extension strongly suggest he is simply attempting to delay the prosecution of this case indefinitely. Baram initially requested a six-month extension due to an alleged inability to travel during the COVID-19 pandemic. Now—apparently recognizing that he cannot use COVID-19 as an excuse to delay this matter—he states that he needs time to "raise money for an attorney." But he has been on notice of Plaintiff's allegations since July 15, 2020. Contrary to his assertion to this Court that he did not receive Plaintiff's prior email correspondence, he acknowledged in a previous email to Plaintiff's counsel that Plaintiff was "just fishing then and also harassing models all over the Internet to fit your story of lies." *See* Email Correspondence (attached as **Ex. D**)

      Defendants have had ample time to find an attorney and respond to Plaintiff's Complaint. They have already been granted one extension and have nonetheless failed to do so. If Defendant cannot afford an attorney,[2] he has the right and obligation to proceed *pro se*. Accordingly, Plaintiff respectfully requests that the Court hold Defendants to the current deadline of January 8, 2020 to file an answer to Plaintiff's Complaint.

      Respectfully submitted,

*Greg G. Gutzler*

Greg G. Gutzler

cc:    All Counsel of Record via ECF

---

[2] Photographs of Baram in luxury vehicles suggest that his claims of indigence are insincere. *See, e.g.*, Photographs (attached as **Ex. E**). To the extent the Court considers granting Baram an additional extension, Plaintiff respectfully suggests that it should require him to produce proof of indigency before doing so.