

**DICELLO LEVITT GUTZLER**
444 MADISON AVENUE FOURTH FLOOR NEW YORK, NEW YORK 10022

GREG G. GUTZLER
GGUTZLER@DICELLOLEVITT.COM
646.933.1000

January 13, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Jane Doe v. Jonathan Baram, et al.*, **No. 1:20-cv-09522-ER/DCF**

Dear Judge Ramos,

      We represent Plaintiff Jane Doe in the above-referenced matter. Pursuant to Section 2.A. of the Court's Individual Rules, we respectfully submit this letter in opposition to Defendants' January 8, 2021, letter (attached as **Ex. A**) requesting a pre-motion conference seeking leave to file a motion to dismiss this matter.[1]

      This is an action in which Plaintiff alleges that, when she was a minor, she was brutally raped and sodomized as a direct result of Defendants trafficking her to Peter J. Nygard ("Nygard"), in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595. The Complaint alleges that Defendants, a purported talent agent and his talent agency, used their status in the modeling and acting industry to lure Plaintiff Jane Doe, an aspiring model and actress, so that they could traffic her to Peter Nygard in exchange for future clients and other benefits, such as traveling on Nygard's private plane, staying at his compound in the Bahamas, and otherwise participating in his sex trafficking venture. After sending nude photos of Plaintiff to Nygard, Defendants transported her to Nygard, at which point Plaintiff was drugged and sodomized; Baram then transported her back to his apartment where he assaulted her himself.

      In his letter, Baram asserts two grounds for relief: (1) he is entitled to dismissal due to the statute of limitations; and (2) he is entitled to a more definite statement with respect to the date

---

[1] Baram, who is *pro se*, submitted his January 8 letter to the Court (with a copy to us) through the temporary *pro se* filing email, but it has not yet been docketed. By way of procedural background, the Complaint (ECF No. 1) was filed on November 12, 2020, and served on both Baram and his corporate entity on November 19 (ECF Nos. 10, 11). The corporate entity has not retained counsel or appeared in the case and is currently in default. Baram, whose Answer was originally due on December 9, 2020, sought a six-month extension on December 8 (ECF No. 14); on December 10, this Court entered an order granting both defendants an extension until January 8, 2021, to answer. On January 7, Baram submitted a request for a second extension of time to answer through the temporary *pro se* filing email; we opposed this request the same day. ECF No. 18. That motion is still pending. Baram then filed his current request.

and exact location of the events alleged in Plaintiff's Complaint.[2] As set forth below, neither of these issues warrant dismissal.

I. **Plaintiff's Claims Are Not Subject To Dismissal Due To Any Statute Of Limitations.**

First, to the extent any of Plaintiff's claims may be barred by any statute of limitations, such claims are revived under the New York Child Victims Act, NYCPLR § 214-g. That Act allows victims of sexual abuse while minors to file suit between August 19, 2019, and August 14, 2021, regardless of any other statute. The text of the statute states, in pertinent part:

> Notwithstanding any provision of law which imposes a period of limitations to the contrary …, **every civil claim or cause of action brought against any party alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense** as defined in article one hundred thirty of the penal law **committed against a child less than eighteen years of age . . . which is barred as of the effective date of this section because of the applicable period of limitations has expired . . . is hereby revived**, and action thereon may be commenced not earlier than six months after, and not later than two years and six months after the effective date of this section.

NYCPLR § 214-g (emphasis added). New York Penal Law Article 130 sets forth an expansive list of sexual offenses, a number of which are applicable here. Moreover, Plaintiff's Complaint alleges that she was under the age of 18 when Baram committed the sexual offenses alleged therein. Compl. at ¶¶ 13, 86. Thus, even if any of Plaintiff's claims may have been subject to a statute of limitations, they are revived pursuant to NYCPLR § 214-g.

Second, even if Plaintiff's claims were not revived under NYCPLR § 214-g, "[s]tatute of limitations defenses are affirmative defenses, which normally cannot be decided on a motion to dismiss." *In re South African Apartheid Litig.*, 617 F. Supp. 2d 228, 287 (S.D.N.Y. 2009). Plaintiffs are not required to allege facts negating an affirmative defense in order for a complaint to survive. Rather, "a court *must* deny a motion to dismiss based on the statute of limitations 'unless all assertions of the complaint, as read with required liberality, would not permit the plaintiffs to prove that the statute was tolled.'" *Id.* (emphasis added). Here, the Complaint contains clear allegations supporting equitable tolling of any applicable statutes of limitation. *See* Compl. at ¶¶ 62-86. Further, this Court has held that claims under the TVPRA are routinely tolled. *See Hongxia Wang v. Enlander*, No. 17 Civ. 4932 (LGS), 2018 WL 1276854, at *3-4 (S.D.N.Y. March 6, 2018). "Given the possibility of equitable tolling, a TVPRA claim is subject to dismissal based on a statute of limitations defense *only* if the complaint makes clear that the alleged wrongful conduct arose more than ten years before the claim was filed, *and* that the plaintiff has not been pursuing her rights diligently, and that no extraordinary circumstances stood in her way." *Id.* at *4.

---

[2] Baram's letter also claims he is entitled to know the identity of Plaintiff. This issue is the subject of Plaintiff's pending Motion for Protective Order and Leave to Proceed Anonymously (ECF No. 7), which remains pending. Plaintiff has provided Baram with a draft stipulated protective order in an attempt to resolve this issue.

To the extent that Plaintiff's claims are outside the applicable statute of limitations, the Complaint sufficiently alleges that Plaintiff diligently pursued her rights and that extraordinary circumstances stood in her way. Compl. at ¶¶ 62-86. Furthermore, since the filing of the Complaint in this matter, evidence revealed in the Department of Justice indictment of Nygard in *United States v. Nygard*, No. 20 CR 624 (S.D.N.Y.) ("DOJ Indictment") (attached as **Ex. B**), and related Canadian Arrest Warrant (attached as **Ex. C**), further supports equitable tolling in this case. The DOJ Indictment corroborates that Nygard used employees and Nygard Companies' funds "to intimidate, threaten, and corruptly persuade individuals who alleged that Nygard was engaged in sexual assault and sex trafficking in the United States, Bahamas, Canada and elsewhere, including by paying witnesses for false statements and affidavits; threatening witnesses with arrest, jail, prosecution, civil litigation, and reputational harm; and attempting to cause reputational harm and discredit potential witnesses by disseminating false or embarrassing information." Ex. B at ¶ 10(h). The Canadian Arrest Warrant also corroborates that Nygard used "corporate employees and funds to quash negative publicity related to allegations of sexual assault and sex trafficking and to engage in illegal witness tampering." Ex. 2 at ¶ 7(s)(vi). Nygard and his co-conspirators have also engaged in myriad coercive methods of intimidation, bribery, and witness tampering during 2019 and 2020 to supress the truth about Nygard's sex trafficking conspiracy, including as it relates to Jane Doe. *See* Ex. C at ¶¶ 18-19. Thus, discovery is required to determine whether Plaintiff's claims are equitably tolled, and the Complaint cannot be dismissed on statute of limitations grounds.

## II. Defendant Baram Is Not Entitled To A More Definite Statement.

Plaintiff's Complaint is more than sufficiently detailed to permit Defendant Baram to file a responsive pleading. Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The Rule "is designed to remedy unintelligible pleadings, *not to correct for lack of detail*." *In re Methyl Tertiary Butyl Ether Products Liability Litig.*, 233 F.R.D. 133, 134 (S.D.N.Y. 2005) (emphasis added). A motion for a more definite statement should not be granted "unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.* at 134-35. Motions for a more definite statement are generally disfavored because of their dilatory effect." *Id.* at 135. Rather, "[t]he preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings" because a complaint is intended to simply place a defendant on notice of the basic nature of the plaintiff's case. *See In re Adler*, 372 B.R. 572, 582 (S.D.N.Y. 2007).

Here, Plaintiff's Complaint is intelligible, and Defendant Baram's request for more details relating to the date and location of the incidents alleged in the Complaint do not support a motion for a more definite statement. Plaintiff alleges that the incidents described in the Complaint took place in 2007 at both Defendant Baram's residence as well as Nygard's penthouse apartment in New York City. (Doc. 1 ¶¶ 15, 20, 30.) Defendant Baram presumably is familiar with where he lived in 2007 and has knowledge of where Nygard's penthouse apartment was located, because he has been there. Moreover, this information is not required for him to respond to Plaintiff's Complaint. To the extent he seeks more detail, he is permitted to seek it during discovery. Accordingly, he should not be permitted to file a motion for a more definite statement.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

*Greg G. Gutzler*

Greg G. Gutzler

cc: All Counsel of Record via ECF
Defendants via email