

## DICELLO LEVITT GUTZLER

444 MADISON AVENUE    FOURTH FLOOR    NEW YORK, NEW YORK 10022

F. FRANKLIN AMANAT
FAMANAT@DICELLOLEVITT.COM
646.933.1000 EXT 502
646.678.1737 (CELL)

March 12, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    **Re:** *Jane Doe v. Jonathan Baram, et al.*, **No. 1:20-cv-09522-ER/DCF**

Dear Judge Ramos,

  We represent Plaintiff Jane Doe in the above-referenced matter. We write to follow up on the Court's minute order dated February 5, 2021, which among other things directed the parties "to meet and confer regarding a protective order."

  By way of background, Plaintiff Jane Doe filed a motion on November 12, 2020 (ECF No. 7), seeking leave to proceed pseudonymously in this case and seeking a protective order that would allow disclosure of her identity to Defendants, subject to reasonable and appropriate measures designed to protect Jane Doe's identity against misuse. Defendants never formally responded to this motion, although one sentence in the January 8 letter to the Court belatedly submitted by *pro se* Defendant Jonathan Baram demanded to know "the identity of my accuser." The parties discussed this matter with the Court during the premotion conference on February 5, where the Court explained to Mr. Baram that pseudonymity protective orders of the sort Plaintiff proposed were standard procedure in these types of cases and urged Mr. Baram to work with Plaintiff's counsel to arrive at mutually acceptable terms. The aforementioned minute order ensued thereafter.

  The parties met and conferred for over one-half hour on February 26 but were unable to make any progress towards an agreed protective order. Mr. Baram spent most of the discussion spewing inflammatory and grossly misogynistic accusations at Jane Doe, whose

identity he purports not to know, and insisting that he, an accused sex trafficker, deserves the same level of privacy protection as does Jane Doe, who was trafficked and brutally raped and sodomized as a child. He insisted that he would not agree to any protective order that would allow Jane Doe to remain anonymous on the public docket unless the caption was revised so that he, too, could become anonymous and be sued as a John Doe. He also intimated that the reason he wanted to know Jane Doe's true identity was so that he could orchestrate a campaign to publicly discredit her, and so that he could contact everyone he knows in the "industry" to "dig up dirt" on Jane Doe, which he insisted would confirm the appalling and misogynistic accusations he lodged against her.

Obviously, there is no way Plaintiff could agree to Mr. Baram's terms, especially given Mr. Baram's other efforts to tamper with witnesses and victims, as documented in the other letter filed with the Court today. This leaves the parties at an impasse and in need of Court intervention. We therefore respectfully ask the Court to grant Plaintiff's motion for pseudonymity (ECF No. 7) as unopposed. We also ask the Court to enter the attached proposed Protective Order, which tracks language used in other similar cases, including the *Nygard* cases pending before this Court, and which allows disclosure of Jane Doe's identity once discovery commences, sufficient to allow Mr. Baram to fully defend against and participate in this litigation, subject to reasonable and appropriate restrictions as to use and disclosure of Plaintiff's identity. *See Plaintiffs #1-21 v. County of Suffolk*, 138 F. Supp. 3d 264, 276 (E.D.N.Y. 2015).

We also would like to proceed with discovery in this case as soon as possible. Although Mr. Baram has filed a motion to dismiss (the corporate defendant has defaulted), his statute of limitations arguments are frivolous, as we will show in our opposition brief to be filed on or before the March 19 deadline.[1] Mr. Baram has in any event not sought a stay pending adjudication of that motion, nor would such a stay be remotely warranted or appropriate. We therefore respectfully ask that either this Court or Magistrate Judge Freeman enter an order scheduling an initial conference under Rule 16(b), so that the parties can commence discovery on a schedule set by the Court in accordance with the Federal Rules. We note in this regard that more than 60 days have elapsed since Mr. Baram has appeared in this case. *See* Fed. R. Civ. P. 16(b)(2). The undersigned is on vacation the week of March 29 but counsel is otherwise available for a conference in the next few weeks.

---

[1] Mr. Baram filed his motion to dismiss on March 9, 2021, arguing that Plaintiff's claims are barred by the statute of limitations and that equitable tolling is improper. Plaintiff, however, was a minor at the time Defendants trafficked her to Nygard, and any stale claims are revived under the New York Child Victims Act, NYCPLR § 214-g. Thus, as Plaintiff will set forth in more detail in her opposition, Defendant Baram's motion is frivolous and should be denied.

We appreciate the Court's time and attendance to this matter.

                Sincerely,

                /s/ *F. Franklin Amanat*

                F. FRANKLIN AMANAT

Encl.:  Proposed Protective Order

cc (by email):  Jonathan Baram