

**DICELLO LEVITT GUTZLER**

ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 2400, NEW YORK, NEW YORK 10165

GREG G. GUTZLER
GGUTZLER@DICELLOLEVITT.COM
646.933.1000

May 7, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Jane Doe v. Jonathan Baram, et al.*, **No. 1:20-cv-09522-ER/DCF**

Dear Judge Ramos,

    We represent Plaintiff Jane Doe in the above-referenced matter. We respectfully supplement our March 12, 2021, letter to the Court (ECF No. 24) requesting a pre-motion conference, pursuant to Section 2.A. of the Court's Individual Rules, in anticipation of filing a motion for sanctions against Defendants Jonathan Baram and Warren & Baram Management LLC. On March 16, 2021, the Court ordered Defendant Baram to respond to Plaintiff's letter motion by Friday March 26, 2021. ECF No. 26. To date, Defendant Baram has not responded, as directed by the Court. The Court has not yet scheduled a pre-motion conference.

    By way of background, we wrote to the Court on March 12 requesting sanctions against Defendants for purposefully posting false and defamatory content about Plaintiff's counsel on their website, with the intent to improperly influence and tamper with potential witnesses in this case, including other victims. ECF No. 24. Specifically, Baram posted a picture of Plaintiff's counsel on his website with the caption "Sex Traffic Model Scam Alert Greg G. Gutzler." *See* **Ex. A.** Below Plaintiff's counsel's picture, Defendants' website stated: "If you receive an email regarding my agency from this individual be very careful and don't respond." *Id*. Defendants' website then falsely stated that "[t]he Attorney Disciplinary / Grievance Committee has already begun an investigation against him." *Id.* It then encouraged individuals to contact the Attorney Disciplinary / Grievance Committee and provides an email address created and operated by Defendants (scamlawsuit@warrenandbaram.com), in an effort to knowingly and improperly mislead and influence victims and potential witnesses into avoiding contact with Plaintiff's counsel and to instead file baseless grievances against him. *Id.* Plaintiff's counsel emailed Defendants to ask them to immediately take this content down from their website and to cease and desist from further postings. Defendants initially ignored this request, but after a couple of weeks they removed the content from their website.

However, on April 24, May 2, and May 7, 2021, Baram, ignoring Plaintiff's pending request for sanctions, posted additional false and defamatory information about Plaintiff's counsel, Greg Gutzler, Frank Amanat, and Lisa Haba, on his website, labeling the attorneys as "Public Enemy #1" and soliciting complaints against them with the "Attorney Disciplinary / Grievance Committee." *See* **Ex. B.** Baram made similar postings on his Facebook page and on the Facebook pages of Plaintiff's counsel's law firms. *See* **Ex. C.** The commonly-understood meaning of "Public Enemy # 1" is "the nation's most wanted criminal; the most dangerous threat to society." https://www.merriam-webster.com/ dictionary/public%20enemy%20number%20one.  Falsely accusing counsel of being criminals is beyond the pale and is an effort at intimidation to anyone who dares to speak out about Baram's actions in abusing and trafficking Jane Doe.

Defendants' conduct is, once again, clearly intended, in bad faith, to deter potential witnesses (including additional victims of the sex trafficking venture) from speaking with Plaintiff's counsel and to steer them towards Baram by improper means. "The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) (sanctioning *pro se* litigants for vexatious, oppressive tactics, and other bad faith misconduct); *Carousel Foods of Am., Inc. v. Abrams & Co.*, 423 F. Supp. 2d 119, 124 (S.D.N.Y. 2006) ("Sanctions pursuant to the court's inherent authority are proper wherer where a party uses the judicial forum for improper purposes or abuses the judicial process."). The court's inherent authority is broader than its power to impose sanctions under Rule 11, and sanctions may be made against an attorney, a party, or both. *See Carousel Foods of Am., Inc.*, 423 F. Supp. 2d at 124; *see also Dreizis v. Metro. Opera Ass'n, Inc*., No. 01 CIV. 1999 (RCC), 2004 WL 736882, at *2 (S.D.N.Y. Apr. 5, 2004). Sanctions are appropriate where, as here, "there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

Baram's brazen attempt to influence and tamper with potential witnesses in this matter is not only deserving of sanctions, but is also illegal. 18 U.S.C. § 1512 makes it a federal crime, subject to a fine and up to 20 years in prison, to knowingly and corruptly persuade another person with the intent to: (1) influence, delay, or prevent the testimony of any person in an official proceeding; or (2) cause or induce any person to withhold testimony from an official proceeding. *See* 18 U.S.C. §§ 1512(b)(1) and (b)(2)(A). Courts within the Second Circuit and others have sanctioned witness tampering—even when not predicated upon a determination of criminal guilt— pursuant to the court's inherent power. *See Riley v. City of New York*, No. 10-CV-2512 (MKB), 2015 WL 541346, at *7 (E.D.N.Y. Feb. 10, 2015); *see also Harris v. SCA Rest. Corp.*, No. 09-CV-2212, 2014 WL 996249, at *4 (E.D.N.Y. Mar. 14, 2014); *Qantum Comms. Corp. v. Star Broadcasting, Inc.*, 473 F. Supp. 2d 1249, 1269 (S.D. Fla. 2007).

Here, Defendants have intentionally and repeatedly posted false and misleading content on their website, for the improper and bad faith purpose of corruptly persuading, influencing, or inducing potential witnesses and victims in this matter to withhold testimony, and to improperly influence the outcome of this litigation. After being put on notice of their improper conduct, Defendants have continued to engage in serious litigation misconduct and have ignored this Court's March 16, 2021 Order to respond to the allegations against them. Thus, sanctions are not only appropriate, but required to prevent Defendants' continued misconduct.

Since it is now abundantly clear that Defendants will continue their misconduct unless serious sanctions are levied against them, Plaintiff respectfully renews her request for a pre-motion conference at which she will ask that the Court to order the following sanctions: (1) Defendants immediately remove the content relating to Plaintiff's counsel from their website and Facebook page; (2) Defendants be held in contempt; (3) a default judgment be entered against Defendant Baram; and (4) Defendants pay attorney's fees and costs associated with Plaintiff's request for sanctions against Defendants.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

*Greg G. Gutzler*

Greg G. Gutzler

cc:   Defendants via email