# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br> v.<br><br>JONATHAN BARAM and WARREN & BARAM MANAGEMENT LLC,<br><br>   Defendants. | Case No. 1:20-cv-09522<br><br>**PROTECTIVE ORDER** |

  It is ORDERED and ADJUDGED that the following Protective Order shall govern the disclosure of the identity of Plaintiff Jane Doe to Defendants Jonathan Baram and Warren & Baram Management LLC.

1. Counsel for Plaintiff Jane Doe shall provide the full name and date of birth of Jane Doe (hereinafter her "identity") to the Defendants or their counsel only when the parties begin to engage in discovery – that is, when the parties commence taking discovery at the time provided in Fed. R. Civ. P. 26(d)(1) following the conference required by Rule 26(f)(1).

2. Following such disclosure, Defendants and their counsel shall use Jane Doe's identity solely for purposes of preparing for and conducting this litigation, including any related pre-trial, trial, post-trial, and appellate proceedings, and for no other purpose.

3. Following such disclosure, Defendants and their counsel may disclose, communicate, or make Jane Doe's identity available in whole or in part only to the following persons, and only to the extent necessary for the proper conduct of this litigation, or as otherwise directed by the Court:

a. any counsel representing a Defendant in this action, along with employees of such counsel;

b. contracted investigators hired by Defendants or their counsel for the purpose of investigating the facts alleged in the complaint;

c. consultants or experts hired by Defendants or their counsel to assist them with this litigation;

d. actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

e. any person carrying on an insurance business who may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment; and

f. the Court, pursuant to Paragraph 6 of this Protective Order, as well as court reporters employed in connection with this action, and court personnel as deemed necessary by the Court.

4. Any person described in paragraph 3(a)-(e) above who receives disclosure of the identity of Jane Doe from Defendants or their counsel shall, prior to receiving such information, execute an Acknowledgment of Protective Order and Agreement to Be Bound, in the form annexed hereto as Exhibit A. If Defendants or their counsel disclose the identity of Jane Doe to such person without first obtaining an executed Acknowledgment as required in this Paragraph, then Defendants or their counsel may be held in contempt and sanctioned by the Court. Defendants and their counsel disclosing identity information hereunder shall

retain all executed Acknowledgments, and shall maintain a log of the persons executing such Acknowledgments and the dates thereof.

5. If any person or entity to whom Jane Doe's identity is disclosed in accordance with this Protective Order in turn disseminates, publishes, shares, uses, or otherwise discloses Jane Doe's identity in any way that does not conform with this order, then that person or entity may be held in contempt and sanctioned by the Court.

6. In any document Defendants or their counsel file with the Court, they must do one of the following to preserve the Plaintiff's anonymity:

    a. Refer only to the Plaintiff as "Plaintiff" or "Jane Doe"; or

    b. If Jane Doe's identity must be used, file a redacted version with the Court, and file an unredacted version of the same under seal.

7. In any Court hearing or other proceeding before this Court which is open to the public, Defendants and their counsel shall not disclose the identity of Jane Doe without prior written notice to Plaintiff's counsel and an opportunity for them to seek relief from this Court prior to the proceeding.

IT IS **SO ORDERED** and New York, New York, this 5th day of August, 2021.

                                                HONORABLE EDGARDO RAMOS
                                                United States District Judge
                                                Southern District of New York

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>v.<br><br>JONATHAN BARAM and WARREN & BARAM MANAGEMENT LLC,<br><br>   Defendants. | Case No. 1:20-cv-09522<br><br>**EXHIBIT A**<br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND** |

  I, _____, in connection with the above-captioned lawsuit, hereby acknowledge that I am about to receive the identity of Jane Doe supplied by _____, as defined in the Protective Order dated _____. My personal information is as follows:

Address: _____

_____

Phone No: _____

Email: _____

Present employer: _____

Job Description: _____

  I have been provided Jane Doe's identity due to my role in this case as (please check which category applies):

    \_\_\_\_\_ Consultant or expert assisting Defendants or their counsel

    \_\_\_\_\_ Investigator assisting Defendants or their counsel

2

    \_\_\_\_\_ Actual or potential deponents or witnesses in this action

    \_\_\_\_\_ Counsel of deponent or witness to this action

    \_\_\_\_\_ Insurance Carrier

I represent that I have been provided and have read and understand the Protective Order entered in the above-captioned litigation, and that I will abide by and be bound by its terms in handling Jane Doe's identity, and will not disclose or use, except in accordance with the terms of the Protective Order, Jane Doe's identity. I declare under penalty of perjury that the foregoing is true and correct.

DATED:_____      _____

                                                                                                                                 Signature