

**DICELLO LEVITT GUTZLER**
ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 2400, NEW YORK, NEW YORK 10165

F. FRANKLIN AMANAT
FAMANAT@DICELLOLEVITT.COM
646.933.1000

October 21, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:   <u>*Doe v. Baram*</u>, No. 1:20-cv-09522-ER/DCF

Dear Judge Ramos:

      We represent Plaintiff Jane Doe in the above-referenced sex trafficking action. We write for two purposes: (i) to notify the Court that Plaintiff is voluntarily dismissing this action without prejudice against *pro se* Defendant Jonathan Baram ("Baram") under FRCP 41(a); and (ii) to request a referral to a Magistrate Judge for a damages inquest against defaulting Defendant Warren & Baram Management LLC ("WBM LLC").

      ***First***, under FRCP 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a Court Order and without defendant's consent by filing a notice of dismissal "before the opposing party serves either an answer or a motion for summary judgment." Because Baram has filed neither an answer to the complaint nor a motion for summary judgment in this case, the rule allows Plaintiff to voluntarily dismiss the action against Baram without prejudice. Plaintiff is thus separately filing a Notice of Dismissal, which is self-effectuating under the Rule and does not require Court endorsement.

      Although the rule does not require a reason for a voluntary dismissal, we respectfully inform the Court that Plaintiff is dismissing the case against Baram individually solely based on his representations that he does not have any personal assets against which Plaintiff could collect a judgment in her favor; in view of these representations, which we take at face value for present purposes, Plaintiff has concluded that her interests are better served by pursuing recovery against the defaulted Defendant, WBM LLC. If necessary and appropriate, the path to collecting damages from WBM LLC may include actions to pierce the corporate veil and collect from Baram personally as the alter ego of the company, assuming that Plaintiff discovers that Baram actually does have personal assets, notwithstanding his representations. Plaintiff emphasizes that her decision to voluntarily dismiss against Baram personally should not be construed as reflecting doubt concerning the merits of her claims against him; to the contrary, Plaintiff continues to have

confidence that the evidence against Baram on the claims asserted in the complaint is overwhelming and that his putative defenses utterly lack merit.

**Second**, now that Baram has been dismissed, Plaintiff requests that this matter be referred forthwith to a Magistrate Judge for a damages inquest as to the corporate defendant. On May 19, 2021, this Court entered a default judgment against defendant WBM LLC as to liability. (ECF no. 44). Because the case still included a non-defaulting defendant at that time (to wit, Baram), the determination of the amount of damages to be awarded against the defaulting defendant (WBM LLC) was necessarily deferred until after the trial against Baram individually. Now that Baram has been voluntarily dismissed, the only remaining defendant in the case is the defaulted WBM LLC, obviating the need for deferral and making an immediate damages inquest appropriate. Plaintiff thus requests thirty (30) days following the referral to a Magistrate Judge to submit a sealed, *ex parte* Statement of Damages demanding a money judgment against the defaulted defendant, attaching evidence and affidavits to be considered at the inquest as well as an itemization of each component and/or element of damages sought with respect to each claim. Plaintiff anticipates that such an inquest would likely be conducted on submission, but Plaintiff would be happy to appear and testify in person or remotely should the Court find it helpful and appropriate. We appreciate the Court's time and attention to this matter.

Respectfully submitted,

F. Franklin Amanat

cc:   Magistrate Judge Freeman
      Jonathan Baram