

**DICELLO LEVITT GUTZLER**

ONE GRAND CENTRAL PLACE, 60 E. 42ND STREET, SUITE 2400, NEW YORK, NEW YORK 10165

F. FRANKLIN AMANAT
FAMANAT@DICELLOLEVITT.COM
646.933.1000

October 27, 2021

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:  *Doe v. Warren & Baram Mgmt. LLC*, No. 1:20-cv-09522-ER/DCF

Dear Judge Ramos:

We write in response to former defendant Jonathan Baram's letters of October 22 (ECF No. 79) and October 25 (ECF No. 81) and in accordance with this Court's memo endorsement on his October 22 letter (ECF No. 80). Last Friday, this Court entered Plaintiff's Notice of Voluntary Dismissal as to Baram individually pursuant to Fed. R. Civ. P. 41(a)(1)(A) (ECF No. 78), removing him from the case. The only defendant remaining in the case is the corporate defendant, Warren and Baram Management LLC, which has defaulted, and which the Court has now referred to the Magistrate Judge for a damages inquest.

Baram now asks that the dismissal be made with prejudice. This should be rejected for two reasons. First, Fed. R. Civ. P. 41(a)(1)(B) expressly provides that "unless the notice or stipulation states otherwise, the dismissal [under Rule 41(a)(1)(A)] is without prejudice." Second, Baram has given the Court no basis to dismiss Plaintiff's claim against him with prejudice or to otherwise make an adjudication on the merits. Baram previously sought such a dismissal when he moved on statute of limitations grounds, but the Court rejected that motion as lacking merit; Baram has not sought reconsideration of that ruling, nor does he have a basis to do so. Baram's vague and unsubstantiated assertions as to how the pendency of the suit have allegedly affected him and his family members are irrelevant: not only do such circumstances, even if true, not provide a basis for a dismissal with prejudice, but any such effects on him and his family are the consequences of his own actions in sex trafficking Jane Doe and not of his being named as a defendant in her lawsuit. Moreover, Plaintiff already tried to assert counterclaims prompted by these same unsubstantiated impacts, which the Court appropriately foreclosed.

Separate from (and in contradiction to) his request for a dismissal with prejudice, Baram also seems to think he should receive some sort of discovery from Plaintiff, including a deposition of her, before he is dismissed from the case. There is, of course, no basis for him to seek or obtain

such discovery; as a dismissed defendant he is no longer a party and has no standing or procedural rights in this case, to discovery or otherwise. And since the only remaining defendant has defaulted and is headed for an *ex parte* damages inquest, there will in any event be no discovery in this case in which Baram could participate. In addition, his request for discovery and a deposition of Plaintiff is most likely a back-door attempt to obtain disclosure of her identity so that he can attempt to harass or intimidate her into giving up her rights as a victim of sex trafficking; such an attempt is categorically inappropriate and should be summarily rejected.

Finally, Plaintiff's swipes at the motivations of Plaintiff and her counsel in bringing this suit are uncalled for. The law firms representing Plaintiff spend considerable time advocating for the rights and interests of sex trafficking survivors like Jane Doe and are well-versed in the nuances and challenges of trauma-informed advocacy. We seek justice after a careful consideration of the facts and all relevant circumstances. We provide a voice to victims, whose lives have been forever altered and their trust destroyed by their experiences with traffickers like Jonathan Baram. We dedicate our time and resources to finding truth and seeking accountability. Notwithstanding the decision to voluntarily dismiss Baram from the case in favor of a more efficient pathway to recovery, this case is and has been no different. We look forward to presenting a full accounting of Jane Doe's damages to the Magistrate Judge as part of the damages inquest and to obtain a judgment against the defaulted corporate defendant that will provide a measure of accountability and closure to our client. We thank the Court for its time and attention to this matter.

                                                          Respectfully submitted,

                                                           F. Franklin Amanat

cc:       Magistrate Judge Freeman
            Jonathan Baram

