## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

**JANE DOE**,

         Plaintiff,

    v.

**WARREN & BARAM MANAGEMENT
LLC**,

         Defendant.

Case No. 1:20-cv-09522-ER/DCF

## MEMORANDUM OF LAW
## IN SUPPORT OF TEMPORARY RESTRAINING ORDER
## AND ORDER TO SHOW CAUSE

Greg G. Gutzler
F. Franklin Amanat
Carmel T. Kappus
**DiCello Levitt Gutzler LLC**
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
(646) 933-1000

Lisa D. Haba (*pro hac vice*)
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Drive, Suite 207
Longwood, Florida 32779
(844) 422-2529

*Counsel for Plaintiff Jane Doe*

Dated: January 28, 2022

Jonathan Baram is no longer a party in his individual capacity to this sex trafficking case – having been voluntarily dismissed last fall – but he continues to serve as the principal officer, sole employee, and sole owner of Defendant Warren & Baram Management LLC, which defaulted in this case and is the subject of the damages inquest currently before this Court. Prior to his dismissal as an individual defendant, Baram engaged in a monthslong campaign of abusive, retaliatory, and otherwise contumacious conduct, including but not limited to sending hundreds of threatening and vexatious emails to counsel for Plaintiff Jane Doe and posting false and incendiary material about Plaintiff and her counsel on Warren & Baram's website and on the websites of Plaintiff's counsel. Plaintiff brought Baram's conduct to the Court's attention on multiple occasions, prompting the Court in three separate instances to admonish Baram that his conduct was categorically inappropriate and warning him that he would be sanctioned if he did not stop.

But Baram did not stop. Even though he is no longer a direct party to the case and has no standing to speak to this Court on behalf of defaulted Defendant Warren & Baram Management LLC, and even though nothing is happening in this case other than Plaintiff waiting her turn to be heard on the damages inquest (to which Defendant filed no response), Baram has continued unabated his abusive campaign of threats and retaliation. Most critically, yesterday (January 27) and again this morning (January 28) he sent to counsel for Plaintiff hundreds of vexatious and abusive emails containing various implicit and explicit threats of retaliation. Some of the emails that Baram sent to Plaintiff's co-counsel Lisa Haba, who like Baram lives in Florida, suggested that he was stalking her private residence, prompting Ms. Haba to file a police report against Baram. And Baram has also taken to repeatedly posting on the personal Facebook page of one of the managing partners of DiCello Levitt Gutzler (one of the firms representing Plaintiff) content

from the website of defaulted Defendant Warren & Baram Management LLC that is intended to disparage Plaintiff's lawyers and threaten them with retaliation.

Baram's cyberstalking (and possible actual stalking) of Plaintiff's counsel is beyond the pale and must stop. Immediately. The Court should have no patience or tolerance for such patently harassing, vexatious, and contumacious behavior by a litigant proceeding before it against another litigant or her counsel. Although Baram may no longer be an individual defendant in the case, he is still subject to this Court's jurisdiction by virtue of being the principal officer and sole shareholder of Defendant Warren & Baram Management LLC, which remains a party to this action despite having defaulted. Plaintiff thus respectfully asks this Court to exercise its inherent authority to control the conduct of the parties before it to enjoin and punish Baram's abusive conduct.

Specifically, Plaintiff asks the Court to issue the annexed proposed Temporary Restraining Order ("TRO") under Fed. R. Civ. P. 65(b), enjoining and restraining Defendant Warren & Baram Management LLC, and Jonathan Baram as its principal officer and sole employee and shareholder, from having any further contact with Plaintiff's counsel or engaging in any additional abusive or vexatious conduct, and to enter an Order to Show Cause why such injunction should not be made permanent. Plaintiff also asks that the Court order Defendant and Baram to show cause why they should not be sanctioned for their conduct through the payment of a fine to the Court and attorney's fees to Plaintiff. In support of her motion, Plaintiff respectfully annexes the Declaration of F. Franklin Amanat ("Amanat Decl."), the Declaration of Adam J. Levitt ("Levitt Decl."), and the Declaration of Lisa Haba ("Haba Decl.") along with the exhibits attached thereto. A proposed Order is also annexed.

## I.     PROCEDURAL BACKGROUND

Prior to his dismissal as an individual defendant on October 22, 2021, Baram engaged in a monthslong campaign of abusive, retaliatory, and otherwise contumacious conduct, including but not limited to sending hundreds of threatening and vexatious emails to counsel for Plaintiff Jane Doe and posting false and incendiary material about Plaintiff and her counsel on Warren & Baram's website and on the websites of Plaintiff's counsel. Plaintiff brought this behavior to the Court's attention on multiple occasions.

On May 19, 2021, the parties appeared before this Court for a hearing on Plaintiff's Motion for Sanctions (ECF Nos. 24 and 42). In the motion papers and at the hearing, the Court was alerted to false and defamatory materials that were posted to counsels' social media pages, designed to improperly influence and tamper with potential witnesses in the case. The Court ordered the Defendant to stop posting defamatory materials to counsels' websites, as well as to Defendant's own website and to abide by the Rules of Civil Procedure. The Court warned Baram that further conduct of this nature would subject him to sanctions.

On September 8, 2021, the parties engaged in a settlement conference with Magistrate Judge Freeman. Plaintiff brought to Judge Freeman's attention Baram's dozens of emails sent to Plaintiff's counsel threatening retaliatory lawsuits and financial harm against Plaintiff and her lawyers. Judge Freeman explicitly ordered Baram to cease and desist from this conduct and any other kind of threats to Jane Doe and her counsel and to abide by the Rules of Civil Procedure. Judge Freeman again warned Baram that further conduct of this nature would subject him to sanctions. Baram indicated his understanding of this order and agreed to cease his threatening tactics.

Baram remained undeterred. On October 7, 2021, this Court again heard the parties concerning Baram's continued vexatious conduct, amongst other matters. *See* ECF Nos. 63, 66.

3

At the conference, Plaintiff's counsel provided the Court an exhibit that gave some examples of the abusive and harassing emails that Baram was sending, despite two prior orders to stop. This Court ordered Baram to cease communicating with Plaintiff's counsel altogether while it ruled on the pending motions, and again admonished Baram that he could not conduct himself in a legal proceeding in the manner reflected in the emails. Yet again, the Court warned Baram that further conduct of this nature would subject him to sanctions.

Plaintiff voluntarily dismissed Baram without prejudice on October 22, 2021 [ECF No. 78], and subsequently moved for a damages inquest against the defaulted and unrepresented corporate Defendants, Warren & Baram Management LLC. Defendant filed no response to Plaintiff's damages submission.

Since that time, Baram, acting as principal officer and sole shareholder of Warren & Baram Management LLC, has continued unabated his abusive tactics and blatant disregard for the Court's cease and desist directives. Even though he is no longer a party to the case and has no standing to speak in court for the corporate entity, and even though nothing is happening in the case other than the damages inquest proceeding through the queue of court business, Baram has not just continued but expanded his cyberstalking (and possible actual stalking) of Plaintiff's counsel. In addition to the false and incendiary material about Plaintiff and her lawyers that he continues to post on Warren & Baram Management's website, https://warrenandbarammanagement.com, Baram has posted clips from that website on the personal Facebook page of Adam Levitt, one of the managing partners of one of the firms representing Plaintiff. *See* Levitt Decl. at ¶¶ 3-5; Exhibits B-G. The clips contain false and disparaging statements about the law firm.

Additionally, yesterday (January 27) Baram sent to Lisa Haba, another of Plaintiff's lawyers, 486 harassing and vexatious emails containing a litany of overt and implicit threats. *See*

4

Haba Decl. at ¶ 6. In some of these emails, Baram, who like Ms. Haba lives in Florida, suggests

that he has been stalking Ms. Haba's private residence.  *See* Haba Decl. at ¶ 7; Exhibit H.

Ms. Haba had filed a police report with the Seminole County Sheriff's Office in December of 2021

and supplemented that report today (January 28) with the new barrage of emails.  *See* Haba Decl.

at ¶ 13; Exhibits J-M.

Then today (January 28), Baram sent over 100 identical harassing emails to half a dozen

attorneys representing Plaintiff, using the email address jonathanbaram@warrenandbaram.com,

with the subject "I promise you." *See* Amanat Decl. at ¶ 3; Exhibit A. The body of each of those

emails included the statement "I promise you" almost a hundred times, and additionally stated: "I

promise you that you will never get one fucking penny for me"; "I promise you I will take my

revenge And sue you endlessly and ruin your career and your life like you tried to do with me But

you did not succeed you loser"; "I promise you you'll regret the day you ever fuck with me"; and

"I promise you that I will never ever ever go away." *Id.*

## II.   ARGUMENT

This Court has the inherent power and jurisdiction to manage its proceedings and to control

the conduct of the litigants before it. *See Chambers v. NASCO, Inc*., 501 U.S. 32, 33 (1991); *Bivens

v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 409 F.2d 718, 725 (2d Cir.

1969), *rev'd on other grounds,* 403 U.S. 388 (1971). That inherent power includes the authority to

issue orders enjoining litigants, preliminarily or permanently, from engaging in contumacious

conduct. "[A] district court has the inherent power to issue an injunction against litigants

who harass their opponents." *United Artists Corp. v. United Artist Studios LLC*, No. CV 19-828-

MWF (MAAx), 2019 WL 6917918, at *5 (C.D. Cal. Oct. 17, 2019), *citing Yates v. Belli Deli*, No.

C 07-01405 WHA, 2007 WL 2318923, at *3 (N.D. Cal. Aug. 13, 2007); *see also Lewis v. S. S.*

*Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976) ("Injunctive relief, where warranted, can be a useful tool to aid a court in controlling the conduct of litigants."). Such injunctions bind not only parties, but also their officers, agents, servants, and employees. *See* Fed. R. Civ. P. 65(d)(2).

To obtain a TRO, Plaintiff must show "a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in [plaintiff's] favor, and that an injunction is in the public interest." *See ACLU v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). Here, all four factors easily weigh in support of a TRO.

Plaintiff has a strong likelihood of success on the merits: Warren & Baram Management, which is unrepresented and in default, with Baram serving as principal officer and sole employee and shareholder of the company, has repeatedly and openly disregarded and ignored direct Court orders. Baram was instructed three separate times to cease and desist the conduct at issue, yet he has continued his barrage of abusive and inappropriate emails and internet postings, which are solely intended to harass and vex Plaintiff's counsel.

Plaintiff also has a likelihood of irreparable harm in the absence of preliminary relief: Baram's conduct yesterday and today in the form of vexatious emails and Facebook posts are not only threatening to Plaintiff and her attorneys, but also make false statements about this case and disparage Plaintiffs' counsel by name. Such conduct is inherently harmful, both to Plaintiff and to the Court itself, and there is no remedy for such harm other than an order from this Court to stop it, supported by appropriate sanctions.

Likewise, the balance of equities tips in plaintiff's favor, and an injunction is indisputably in the public interest. Simply stated: Baram's cyberstalking (and possible actual stalking) of Plaintiff's counsel is beyond the pale and must stop immediately. Neither the Court nor society as

a whole should have any patience or tolerance for such patently harassing, vexatious, and contumacious behavior by a litigant proceeding before a court against another litigant or her counsel. There is no justification or countervailing equity supporting Defendant's behavior. Enough is enough.

The Court should therefore immediately enter the annexed proposed TRO enjoining Defendant and its principal from continuing this contemptible behavior, and it should order them to show cause why such injunction should not be made permanent. But it should not stop there: it should also sanction Defendant and Baram for their rank contumacy. "The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992) (sanctioning *pro se* litigants for vexatious, oppressive tactics, and other bad faith misconduct); *Carousel Foods of Am., Inc. v. Abrams & Co.*, 423 F. Supp. 2d 119, 124 (S.D.N.Y. 2006) ("Sanctions pursuant to the court's inherent authority are proper where where a party uses the judicial forum for improper purposes or abuses the judicial process."). The court's inherent authority is broader than its power to impose sanctions under Rule 11, and sanctions may be made against an attorney, a party, or both. *See Carousel Foods of Am., Inc.*, 423 F. Supp. 2d at 124; *see also Dreizis v. Metro. Opera Ass'n, Inc.*, No. 01 CIV. 1999 (RCC), 2004 WL 736882, at *2 (S.D.N.Y. Apr. 5, 2004). Sanctions are appropriate where, as here, "there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

Given that Defendant and Baram's behavior has wasted a colossal amount of the Court's and counsel's time,[1] requiring Plaintiff's counsel to come before the Court on multiple occasions

---

[1] In 109 of his emails to Ms. Haba, the subject heading was "I love wasting your time, Time is money liar." *See* Exhibit H.

to bring the behavior to the Court's attention, Plaintiff proposes that the appropriate sanction should be (a) a $1000 fine payable to the Court, and (b) to pay Plaintiff's attorney's fees incurred with respect to each of the Court submissions prompted by Defendant's and Baram's conduct, including the present motion.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to enter the annexed proposed TRO under Fed. R. Civ. P. 65(b) enjoining Defendant Warren & Baram Management LLC and its principal officer Jonathan Baram:

1. To refrain and cease and desist from making any direct communications to anyone connected with this lawsuit, including, but not limited to, DiCello Levitt Gutzler LLC and the Haba Law Firm and any of their agents, employees, or personnel;

2. To remain at least 500 feet away from DiCello Levitt Gutzler LLC and the Haba Law Firm and any of their agents, employees, or personnel;

3. To refrain from posting, publishing, or publicly sharing, in any medium, any videos, images, fliers, documents, or comments that mention DiCello Levitt Gutzler LLC and the Haba Law Firm and any of their agents, employees, or personnel; and

4. To refrain and cease and desist from any other conduct towards Plaintiff Jane Doe or her counsel that is in any way abusive, harassing, vexatious, or contumacious.

Plaintiff further asks the Court to Order Defendant to show cause, within seven (7) days from the entry of the TRO, (i) why the TRO should not be made permanent, and (ii) why Defendant and its principal officer Jonathan Baram should not be sanctioned pursuant to the inherent authority of this Court, such sanction to consist of (a) a fine payable to this Court in the amount of $1000, and

(b) Plaintiff's reasonable attorney's fees incurred with respect to each of the Court submissions prompted by Defendant's and Baram's conduct, including the present motion.

Dated: January 28, 2022

By:    */s/ Greg G. Gutzler*
Greg G. Gutzler
F. Franklin Amanat
Carmel T. Kappus
**DiCELLO LEVITT GUTZLER LLC**
60 E. 42nd St., Suite 2400
New York, New York 10165
Tel.: 646-933-1000
ggutzler@dicellolevitt.com

Lisa D. Haba (*pro hac vice*)
**THE HABA LAW FIRM, P.A.**
1220 Commerce Park Drive, Suite 207
Longwood, Florida 32779
Tel.: 844-422-2529
lisahaba@habalaw.com

***Counsel for Plaintiff***