UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------X

**JANE DOE,**
Plaintiff,


-against-

                     Case No.: 20CV9522

**JONATHAN BARAM, an
individual; and WARREN &
BARAM MANAGEMENT LLC**
Defendants.

-------------------------------X


### MOTION TO SET ASIDE DEFAULT JUDGMENT
### AGAINST WARREN & BARAM MANAGEMENT LLC[1]


Dated:      New York, New York
              February 16, 2023.

                             **RESPECTFULLY SUBMITTED,**

                             */s/ T. Edward Williams, Esq.*
                             T. Edward Williams, Esq.
                             WILLIAMS LLP
                             45 Rockefeller Plaza 20TH FL
                             New York, New York 10111
                             212.417.0430 (Main)
                             212.417.0431 (Direct)
                             212.417.0433 (Fax)
                             edward@williamsllp.com

---

[1] Mr. Baram reserves his right to seek sanctions against Defendants if Defendants seek sanctions against him. For this reason, this motion does not address the sanction issue and all arguments related to sanctions has been removed from this Motion. Mr. Baram does not waive his entitlement to sanction or his right to seek sanctions from Plaintiff and from Plaintiff's attorneys.

## PRELIMINARY STATEMENT

Defendant, WBM, seeks a straightforward application of the Second Circuit's holding and reasoning in <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95–98 (2d Cir. 1993). This Court has applied <u>Enron Corp. Inc.</u>'s principles in cases that are factually and analytically like this case. <u>See Weingeist v. Tropix Media & Enter.</u>, 2022 WL 970589 (S.D.N.Y. Mar. 3, 2022) (Ramos, J.); <u>Reefer Tek LLC v. El Dorado Trailer Leasing, LLC</u>, 2019 WL 5727315 (S.D.N.Y. Nov. 5, 2019) (Ramos, J.); <u>Millennial Plastic Surgery PLLC v. James</u>, 2022 WL 769292 (S.D.N.Y. Feb. 2, 2022) (Ramos, J.); and <u>Crawford v. Nails on 7th By Jenny Inc.</u>, 2020 WL 564059 (S.D.N.Y. Feb. 5, 2020) (Ramos, J.). This Court should therefore set aside its entry of default against WBM.

In fact, no default should have entered against WBM. Plaintiff's Complaint has no allegation against WMB, and so, there was no basis to impose liability on WBM. <u>See, e.g.,</u> <u>Am. Centennial Ins. Co. v. Seguros La Republica, S.A.</u>, 1996 WL 304436, *18 (S.D.N.Y. June 5, 1996) (holding that the Complaint lacked sufficient bases to warrant the entry of judgment).

## FACTUAL BACKGROUND

Plaintiff, identified only as Jane Doe, sued Defendants, Jonathan Baram ("Baram"), and his company, Warner & Baram Management LLC ("WBM"). Plaintiff alleged that Baram and WBM violated the Trafficking Victims Protection Act, 18 U.S.C. § 1591(a) *et seq.*, that Baram and WMB violated the Trafficking Victims Protection Act, that Baram and WMB violated 18 U.S.C. § 1594 et seq., that Baram violated CPLR 214–G, that Baram and WBM aided and abetted the violation of an unidentified New York Law relating to sexual battery, and that Baram and WBM conspired to commit sexual battery in violation of an unidentified New York law.[2] See ECF Doc. No. 1, at ¶¶ 87–133.

The allegations in support of Plaintiff's claims range from nonexistent to spare. Plaintiff's Complaint is twenty-four pages and includes 133 paragraphs, but Plaintiff only references WBM in her Introductory Paragraph and in Paragraphs 2, 48 and 56–57 of her Complaint.

---

[2] The Undersigned refers to the claims being made against Baram and WBM because the Undersigned is guessing. The Complaint does not specify whether the claims are being asserted against WBM or Jonathan Baram in his personal capacity. Also, Plaintiff's Complaint does not specifically allege how WBM was involved in any of the allegations made, but later dismissed, against Jonathan Baram.

The Introductory Paragraph states that Plaintiff's suit arises from Baram and WMB "sex trafficking of Jane Doe to Peter Nygard." See ECF Doc. 1 at Intro. Paragraph 2 states that "Warren & Baram Management LLC have conspired with Nygard and Nygard Companies by knowingly and actively recruiting young women and underage girls for Nygard to engage in commercial sex acts with, as part of his sweeping international sex trafficking venture." Id. at ¶ 2. Paragraph 48 continues with additional (and unedited) stock language and states that "Warren & Baram is a New York Limited Liability Company with its principal place of business in New York, [sic] at all relevant time [sic] to this Complaint, Baram had a permanent residence and was domiciled in New York, [sic] and Plaintiff's claims arise out of Defendants' tortious conduct in New York." Id. at ¶ 48.

Paragraphs 56 and 57 also do not spell out any allegations against WBM: Paragraph 56 states that Baram is the President of WMB and Paragraph 57 states that WBM is a "talent management group that specializes in the representation of Latina and African [sic] American Female Talent. Warren & Baram's core business is booking actor/models for television, film, and print media. Warren & Baram is a New York limited liability company and

maintains a business address located at 2140 Pacific Boulevard, Atlantic Beach, New York 11509." Id. at ¶¶ 56–57. Other than the foregoing, Plaintiff does not mention WBM again in her Complaint. And the section of Plaintiff's Complaint discussing her claims does not say which of Plaintiff's claims are directed at Baram or at WBM. See id. at ¶¶ 87–133.

Plaintiff's papers in which she moves for default judgment and for inquest do not help the reader understand the claims on which default should be granted against WBM. See ECF Doc. No. 91. Plaintiff's Proposed Findings of Facts and Conclusions of Law on Damages ("Proposed Findings of Fact") says that WBM admitted to all "factual allegations of liability in the Complaint but does not point to any specific factual allegations. Id. at pg. 4. Plaintiff also says that WBM is the alter ego of Jonathan Baram, but Plaintiff's Complaint does not allege alter ego liability. Id. at pg. 9. Plaintiff's Proposed Findings of Facts seeks damages from WBM in these amounts: (i) $2-3 million dollars in compensatory damages; (ii) $2-3 million dollars in punitive damages; (iii) $250,747.00 in attorney's fees; and (iv) $1,363.58 in litigation costs. All told, Plaintiff seeks **$6,252,110.58** from WBM. Id. at pgs. 29–37.

Although Plaintiff's Complaint does not make any allegations against WBM, this Court entered a technical default against WBM. On March 11, 2021, this Court ordered that WBM find counsel within 30 days or it would entered default against WMB. Despite his efforts, Mr. Baram could not obtain counsel to represent WBM because Mr. Baram had no money. Mr. Baram filed pleadings and motions on WBM's behalf, but the Court declined to receive them, reasoning that a layperson cannot represent a corporate entity. A clerk's entry of default entered on April 20, 2021. <u>See</u> ECF Doc. No. 35. On May 19, 2021, this Court entered default against WBM with damages to be determined at trial. <u>See</u> ECF Doc. No. 44.

<b><u>LEGAL STANDARD</u></b>

In this district, default judgment should be entered only in rare cases because this district favors resolving disputes on their merit. <u>Enron Oil Corp. v. Diakuhara</u>, 10 F.3d 90, 95–98 (2d Cir. 1993). Rule 55 of the Fed. R. Civ. P. 55 requires a two–step process: the clerk must first enter a clerk's entry of default and then the movant must make an application for default judgment to the Court. <u>Id</u>. at 95; <u>See</u> Fed. R. Civ. P. 55(a) & (b).

When default has entered, the defaulting party may move to set aside the default judgment under Fed. R. Civ. P. 55(c). Fed.

R. Civ. P. 55(c); <u>Enron Oil Corp.</u>, 10 F.3d at 95—96 (construing Rule 55(c)). The <u>Enron Oil Corp. Inc.</u> Court lists legal and equitable reasons to set aside default judgment under Fed. R. Civ. P. 55(c).

On legal grounds, default judgment may be set aside applying the well-known, three-limb test: (i) whether the default was willful; (ii) whether defendants demonstrate the existence of a meritorious defense to the defaulted claim; and (iii) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice. <u>Enron Oil Corp. Inc.</u>, 10 F.3d at 95 (internal quotation marks omitted); <u>accord</u>, <u>Crawford v. Nails on 7th By Jenny Inc.</u>, 2020 WL 564059, *2—3. Default may also be set aside for any of the reasons set forth under Fed. R. Civ. P. 60(b).

On equitable grounds, default judgment may be set aside where: (i) the person acting was appearing pro se; (ii) where the amount involved in the matter is a large amount; and where (iii) the default is not a failure to appear or defend but is entered on technicality. <u>Enron Oil Corp. Inc.</u>, 10 F.3d 97—98 (holding that a person acting pro se and a large amount of money being sought on default are "mitigating" factors in determining whether default judgment should be set aside; and citing <u>Klapprott v. United States</u>, 335 U.S. 601, 611—612, 69 S. Ct. 384, 388—389 (1949) for

the proposition that where substantial rights are implicated, default judgment should not be granted).

**ARGUMENTS AND AUTHORITIES**

Plaintiff sued Mr. Baram and his company, WBM on the claim that Mr. Baram trafficked her when she was 17 years old. As discovery approached, Plaintiff withdrew her explosive allegations against Mr. Baram. Although Plaintiff did not make allegations against WBM, this Court defaulted WBM because WBM is a corporate entity, which an attorney must represent. Until Mr. Baram retained the Undersigned, Mr. Baram lacked the financial means to hire an attorney to represent WBM. Because legal and equitable reasons support setting aside the technical default judgment entered against WBM, this Court should set aside default judgment against WBM.

**A.  LEGAL REASONS JUSTIFIES SETTING ASIDE DEFAULT JUDGMENT AGAINST WBM.**

A court must weigh the three-limb test when deciding whether to set aside default judgment. Thus, the court must decide whether the default was willful, whether there is a meritorious defense to the claims, and whether the nonmoving party will be prejudiced by the default.

### i. WBM's Default Was Not Willful.

In assessing willfulness, courts look to whether the defaulted defendant was deliberately evasive in responding to the complaint. <u>Crawford</u>, 2020 WL 564059, *3. The Second Circuit has maintained that willful conduct is distinct from negligent conduct. <u>Millennial Plastic Surgery PLLC v. James</u>, 2022 WL769292, *2 (citing <u>S.E.C. v. McNulty</u>, 137 F.3d 732, 738 (2d Cir. 1998). This court has found that willfulness will be found where the "conduct or counsel or the litigant was egregious and was not satisfactorily explained." <u>Id</u>. (citing <u>Gucci Am. Inc. v. Gold Ctr. Jewelry</u>, 158 F.3d 631, 635 (2d Cir. 1998).

As Mr. Baram explained in his Affidavit in Support of Setting Aside Default Judgment, Mr. Baram contacted several attorneys to represent WBM, but he could not find an attorney to represent WBM. At the time, Mr. Baram had no funds to retain counsel and he was seeking representation on a contingency basis, but that matter was not suitable for contingency representation. Affidavit of Jonathan Baram in Support of Motion to Set Aside Default Judgment ("Baram Aff.") at *passim*. Baram even contacted Gloria Allred, one of the lead lawyers involved in representing victims of the MeToo Movement, but she declined to represent WBM. <u>Id</u>. at ¶ 22. Moreover,

the pro se office for the Southern District of New York refused to represent WMB, despite multiple requests from Mr. Baram, because they do not become involved in cases extensively. Put simply, nothing in the record suggests that WBM was willful. In fact, Mr. Baram tried to represent WBM several times, but this court barred Mr. Baram from filing pleadings for WBM.

### ii. WBM Has Meritorious Defenses.

A defendant need not prove a defense conclusively, but need only provide facts that if proven at trial would constitute a complete defense. <u>Weingeist</u>, 2022 WL 970589, *10. No allegation is made against WBM in Plaintiffs' Complaint. Nothing in Plaintiffs' Complaint says that WBM trafficked her, that WBM paid her transportation costs to travel from Canada to New York City, or that WBM was in any way used as an illegitimate business formed for the sole purpose of trafficking aspiring Canadian by bus to New York City to be raped by Peter Nygard. Despite the lack of allegations against WBM, Mr. Baram has stated repeatedly that he has never worked with a Canadian aspiring model, that he has never met Plaintiff in his life, and that he had never been friends with Peter Nygard and has only met Peter Nygard no more than two times in the Bahamas for a photoshoot sponsored by Maxim

Magazine. WBM was never a company whose identity was known across the modeling industry. In fact, most people worked directly with Mr. Baram and did not know he owned WBM. <u>Baram Aff</u>. ¶¶ 3–4. WBM can therefore show meritorious defenses.

### iii. PLAINTIFF CANNOT SHOW PREJUDICE.

Delay alone does not constitute prejudice. <u>See</u> <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983). Prejudice is determined by looking whether setting aside default would thwart the plaintiff's recovery or remedy, whether evidence would be lost, whether there would be increased difficulties in discovery, or whether a greater opportunity for fraud or collusion would develop. <u>See</u> <u>James</u>,2022 WL 769292, *4 (citing <u>Swarna v. Al-Awadi</u>, 622 F.3d 123, 142 (2d Cir. 2010) (quotation marks omitted; internal quotation marks omitted).

Plaintiff will not be prejudiced. Plaintiff has so far refused to participate in discovery. In fact, Plaintiff voluntarily dismissed her claims against Mr. Baram as discovery approached for fear she would be found out. In fact, Plaintiff only sued Defendant because she and her attorneys believed Mr. Baram has substantial wealth and sought a money grab by filing her suit. Before Plaintiff sued Mr. Baram, she and her attorneys reviewed

social media posts and concluded that Mr. Baram was living a good life and so, he had money. In short, Plaintiff never intended to participate in this lawsuit, and so, she was never concerned with discovery.

Further, discovery will be easy, and Mr. Baram is prepared to expedite discovery and he has lost no evidence. In fact, Mr. Baram has tracked evidence of his whereabouts at the time Plaintiff claimed she was trafficked to New York City and Mr. Baram is sure that if Plaintiff was trafficked, he had nothing to do with Plaintiff being trafficked. In short, WBM is ready for discovery, and it is ready to provide evidence of his non-involvement in Plaintiff's alleged trafficking.

## B.  EQUITABLE REASONS FAVOR SETTING ASIDE DEFAULT JUDGMENT.

The Enron Corp. Inc. court provided that default judgment may be set aside on equitable grounds. That court found that equitable grounds included the amount of money at stake, whether the party was pro se, and whether there were substantial rights at issue. In Enron Corp. Inc., the court noted that the default judgment would lead to $257.3 million judgment even though the Plaintiff was acting pro se. The court therefore set aside the default judgment.

Plaintiff is seeking more than $6 million dollars from Plaintiff and Mr. Baram was acting pro se for WBM and he was not aware he could not act for WBM. This Court will be hard pressed to say that it is doing justice under Fed. R. Civ. P. 1 in handing Plaintiff a $6 million dollar default judgment—or anything close to that amount—when Plaintiff dismissed her claims against Mr. Baram, and when Plaintiff made no allegations against WBM. It is patently unfair for Plaintiff to voluntarily dismiss her claims against Mr. Baram and then win a $6 million dollar judgment against WBM, when she made no allegations against WBM.

## C. THIS COURT SHOULD SET ASIDE THE DEFAULT JUDGMENT UNDER RULE 60(B)(1), (4), AND (6).

For this Court to have entered default judgment, Plaintiff must have pleaded allegations in the Complaint that would lead to WBM's liability. _See, e.g.,_ Am. Centennial Ins. Co. v. Seguros La Republica, S.A., 1996 WL 304436, *18 (S.D.N.Y. June 5, 1996); Journeyman Plumbers Loc. Union No. 22 v. Green, 01-CV-0515E (W.D.N.Y. June 24, 2002) ("Indeed, 'a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered.'") (brackets omitted).

There are no allegations against WBM that links WBM to Plaintiff's allegations. Default judgment was therefore improvidently granted. Indeed, the Second Circuit has held that default judgment cannot enter until damages has been calculated. See Enron Corp. Inc., 10 F.3d 97:

> This order was improper because default judgment cannot be entered until the amount of damages has been ascertained. Here, the district court ordered entry of such a judgment in the same order in which it referred the case to the magistrate judge to compute damages. Thus, the default judgment was not valid when entered on June 11, 1991 because at that time the district court only had the authority to order an entry of default.

The foregoing constitutes reasons why this Court should set aside the default judgment under Fed. R. Civ. P. 60(b)(1), (4), and (6).

## CONCLUSION

For the reasons above, WBM requests that this Court set aside default judgment against WBM.

Dated:     New York, New York
           February 16, 2023.

**RESPECTFULLY SUBMITTED,**

*/s/ T. Edward Williams, Esq.*
T. Edward Williams, Esq.
WILLIAMS LLP
45 Rockefeller Plaza 20TH FL
New York, New York 10111
212.417.0430 (Main)
212.417.0431 (Direct)
212.417.0433 (Fax)
edward@williamsllp.com

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on February 16, 2023, I served this **MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST WARREN AND BARAM MANAGEMENT LLC** on these individuals via CM/ECF:

Counsel for Plaintiffs by ECF

<u>*/s/ Marla Barnel*</u>