UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
**JANE DOE,**
Plaintiff,                          Case No.: 20CV9522


-against-                           **AFFIDAVIT OF JONATHAN BARAM**
                                    **IN SUPPORT OF MOTION TO SET**
**JONATHAN BARAM, an**              <u>**ASIDE DEFAULT JUDGMENT**</u>
**individual; and WARREN &**
**BARAM MANAGEMENT LLC**
Defendants.
-------------------------------X

**STATE OF FLORIDA**

**COUNTY MIAMI-DADE**

I, Jonathan Baram, being of lawful age and sound mind, testifies as follows:

1.   My name is Jonathan Baram, and I am over 18 years old.

2.   I own Warner & Baram, LLC ("WBM") a talent management agency.

3.   I formed WBM but I did not do business through WBM.

4.   In fact, no model I worked with knew of WBM.

5.   Between October 2020 and March 2021, I received assistance from department for pro se litigants through the Southern District of New York who provided me some limited legal advice throughout the proceedings.

6.   The pro se department provided included reviewing information about the case with me, providing updates on what appeared on the docket etc.

7.   The pro se department declined to represent WBM, even though I had requested that.

8.    If called to testify, I would testify in accordance with the facts stated in this affidavit.

9.    On November 12, 2020, Plaintiff sued me and my company, Warren & Baram Management LLC ("WBM").

10.   When Plaintiff sued me and my company, I was not aware that I had to retain counsel to represent WBM.

11.   I am not an attorney, and I had no knowledge of 28 U.S.C. § 1654 or of the cases construing 28 U.S.C. § 1654.

12.   On March 11, 2021, this court entered an order in which it required WBM to obtain counsel within 30 days.

12.   I had no funds to retain an attorney to represent WBM.

13.   I tried to borrow funds from family to retain an attorney to represent WBM but given the nature of the allegations against me and WBM, my family members were hesitant to become involved.

14.   In an effort to represent WBM, I watched YouTube videos on litigation and how to represent companies in litigation.

15.   I attempted on several occasions to represent WBM and prevent a technical default, but the Court rejected my filings.

16.   Before and after the Court declined to allow me to represent WBM, I reached out to four different lawyers.

17.   For all four lawyers, their offices asked me screening questions about the matter.

18.   When I told them about the allegations made against me and the two or three allegations made against WBM, they all declined to represent me.

19.   I then turned to a family friend who was a lawyer.

20.   I provided the case file to him, but he declined the representation because he is a criminal and not a civil lawyer.

21.   I then spoke with my mother's accountant who could not help.

22.   I also called Gloria Allred's office to see if she was interested in seeing how the MeToo Movement was being misused.

23. She declined the representation.

24. I exhausted all efforts in attempting to obtain representation for WBM to no avail.

25. As my financial position improved, I was able to retain T. Edward Williams, Esq. to represent WBM.

26. Mr. Williams immediately appeared and is attempting to set aside the default judgment.

27. I have met Peter Nygard somewhere between one and three times. I was not friends with Peter Nygard and Peter Nygard would not know me if he saw me.

28. I have never worked for Peter Nygard; I have never conspired with Peter Nygard.

**THE AFFIANT FURTHER SAYETH NAUGHT**

Dated: February 16, 2023

_____
JONATHAN BARAM


Sworn before me this 16th day of February 2023.

_____
Notary Public