

New York, February 2, 2024

**BY CM/ECF**
Judge Valerie Figueredo
United States Magistrate Judge

**Re:   Letter Brief re: Excusable Neglect:** *Jane Doe v. Jonathan Baram et al.*, 20CV09522 (ER)(VF)

Dear Judge Figueredo:

Warner and Baram Management, LLC ("WBM") is responding to this Court's January 19, 2024, order in which this Court invited WBM to show excusable for why it did not timely respond to contest the allegations by Jane Doe. *See* ECF Doc. No. 171. Before it issued the January 19, 2024, Order, WBM had sought leave to contest the allegations that related to it being defaulted. *See* ECF Doc. Nos. 166, 169.

## Excusable Neglect Standard

The Supreme Court thoroughly treated and defined what constitutes excusable neglect in *Pioneer Inv. Services Co. v. Brunswick Assoc. LLP*, 507 U.S. 380, 392–397, 113 S. Ct. 1489, 1496–1499 (1993). In *Pioneer Investment Services Co.*, the Supreme Court rejected a limited understanding of excusable neglect, and instead embraced a definition of excusable neglect as essentially elastics that may be expanded to fit a circumstance where justice should prevail. *Pioneer Investment Services Co.*, 113 S. Ct. 1496–97 ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant."). *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365–366 (2d Cir. 2003)(rejecting the Second Circuit's previous decisions that adhered to a "firm" definition of excusable neglect and adopting the Supreme Court's more "liberal" construction of the excusable neglect standard announced in *Pioneer Investment Services Co*.).

In assessing whether a party has proved excusable neglect, the court must consider "all relevant circumstances surrounding the party's omission." *Silivanch*, 333 F.3d at 366; *see Pioneer Investment Services Co.*, 113 S. Ct. at 1497–98 ("Thus, at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."). Thus, *Pioneer Investment Services Co.*, holds that negligence (along with acts of God) is encompassed within the concept of excusable neglect. *Pioneer Investment Services Co.*, 113 S. Ct. at 1497–98.



T: 212-634-9106   45 ROCKEFELLER PLAZA, 20TH FL,   WILLIAMSLLP.COM
FAX: 212.202.6228   NEW YORK, NEW YORK 10111   EDWARD@WILLIAMSLLP.COM

The concepts recited above are distilled into a four-limb test that the court must analyze to determine whether a party has established excusable neglect. Thus, the party seeking to show excusable neglect must show that: (i) the danger of prejudice to the non-movant; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith. *Pioneer Investment Services Co.*, 113 S. Ct. at 1498; *Silivanch*, 333 F.3d at 366–367.

### Application of the Excusable Neglect Standard

Baram, as a person who is not a lawyer, could not have represented WBM in this proceeding—or in any other proceeding. *See, e.g.*, *Xing Xie v. CitySpade Inc.*, 1:19-cv-05005 (MKV), at *1 (S.D.N.Y. Oct. 10, 2023) ("Corporate defendants-here, Cityspade Inc. and Cityspade Moving and Delivery LLC- **must be represented by a licensed attorney**.") (emphasis original).

Because of the nature of the allegations against him, Baram's family who could have helped him financially with obtaining counsel for Baram so that WBM could defend itself against Jane Doe's allegations. In fact, Jonathan Baram's mother, with whom he was extremely close, and who is aging, severed her ties with Baram, until recently. As Baram chronicled before, he was then, and he remains depressed. Back then in the first year to year and a half of this proceeding, Baram was totally incapacitated by the allegations against him and WBM. Although he approached lawyers about representing him—he cannot name one of the lawyers because that lawyer was the parent of a loved one who does not want his named mentioned in connection with this proceeding—no lawyer would take on representation Baram or WBM. Indeed, the retainers required—all more than $500,000.00—was not doable for Baram.

In addition, based on the Undersigned's questioning of Baram, Baram clearly never understood what it meant for WBM to be defaulted and he never understood the concept of default judgment. A layman and wholly unsophisticated as it relates to law, Baram knows nothing of corporate entities or how they work. In fact, the work related to setting up WBM was performed solely by his CPA. Baram did reach out to the Pro bono clinic offered by the Southern District of New York, but the Pro bono clinic could not represent WBM, and it could only provide very limited assistance to WBM. Put simply, Baram never possessed the ability to appreciate the meaning of default judgment against WBM. *See* ECF Doc. No. 155-1.

Applying these facts to the four-limb test above, WBM can easily meet the first two elements of the four-limb test. *Silivanch*, 333 F.3d at 365–366 ("In the typical case, the first two *Pioneer* factors the moving party: '[D]elay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible . . . ."). There is no prejudice to Jane Doe and her attorneys have never identified any. Indeed, Jane Doe has all the upside: by



allowing a full-throated investigation of her claims and a crisp cross-examination of Baram, Jane Doe can demonstrate that she really is entitled to the damages she seeks. In fact, as an alleged victim who has allegedly suffered a heinous act of being trafficked only at 17 years old, Jane Doe should relish the opportunity in court where—with her four or five lawyers—she can set out in detail just how badly she was treated, and, more importantly, she can confront Baram who she claims irreparably harmed her. It is unclear why Jane Doe does not want this opportunity to confront the person she claims harmed her. A recurring theme of those who have been harmed in the way Jane Doe claims is the ability to confront the accused in court before a jury, so that the jury can grant vindication. Jane Doe should want this more than anything else.

Second, there is no prejudice. The delay here has been caused by the pandemic, not by WBM.

Third, the reason for the delay, as stated above is incapacity because of depression. Mr. Baram who was the only person who could act for WBM, simply was not up to the task of living on most days for the first year and a half of this case. He was receiving death threats and at times he thought of granting those who threatened him that satisfaction. Nor did Baram know (and still does not know) what it means for a company to be defaulted. When he felt well enough to exert effort, no one would help him: he was accused of trafficking a 17-year-old straight-A Canadian student by luring her from somewhere in Canada to New York City.

Fourth, WBM did not act in bad faith. Baram simply did not know the meaning or consequence of default judgment. Indeed, it is a matter of record that Baram tried as much as he could to defend WBM, but he was barred from doing so. It was only after that this he gave up. As soon as WBM obtained counsel, his counsel moved to set aside the default judgment, and immediately appealed after the Court denied that motion.

In short, Baram could not represent WBM. And Baram never appreciated the consequences of default judgment against WBM. Under Pioneer Investment Services Co., WBM has demonstrated excusable neglect. *Silivanch*, 333 F.3d 367 n.7 ("[T]he four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a close case, the reason-for-delay factor will always be critical to the inquiry."). This Court is on the cusp of entering a $6 million dollar judgment against WBM for an act Jane Doe has provided no evidence to support, and Jane Doe will never be subject to cross-examination. If that is the best Justice can offer, then Justice should be held to a higher standard.

Sincerely,



T: 212-634-9106　　45 ROCKEFELLER PLAZA, 20TH FL,　　WILLIAMSLLP.COM
FAX: 212.202.6228　　NEW YORK, NEW YORK 10111　　EDWARD@WILLIAMSLLP.COM

Warren and Baram Management LLC
February 2, 2024

Page 4 of 4

T. Edward Williams, Esq.

TEW/tew



T: 212-634-9106　　45 ROCKEFELLER PLAZA, 20TH FL,　　WILLIAMSLLP.COM
FAX: 212.202.6228　　NEW YORK, NEW YORK 10111　　EDWARD@WILLIAMSLLP.COM