UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE,

                                  Plaintiff,

       -against-

WARREN & BARAM MANAGEMENT LLC,

                                Defendant.
------------------------------------------------------------------X

20-CV-9522 (ER) (VF)

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Plaintiff Jane Doe commenced this action on November 12, 2020 against Defendants Jonathan Baram and Warren & Baram Management, LLC ("WBM"). See ECF No. 1. On November 19, 2020, Plaintiff filed affidavits of service as to both Defendants. See ECF Nos. 10-11. At a conference on February 5, 2021 with the Honorable Edgardo Ramos, the Court informed Baram that WBM, as a corporation, must be represented by an attorney or risk default. See ECF No. 159 at 11. The Court further urged Baram to obtain an attorney for WBM. Id. On March 11, 2021, Judge Ramos entered an order restating his prior oral warning and instructing Baram that WBM, "as a corporation, may not appear pro se and must retain counsel to avoid default." ECF No. 23. The order warned Baram that if WBM did not retain counsel within 30 days, it could be held in default. Id. WBM did not retain counsel, and on April 20, 2021, the Clerk of Court entered a certificate of default as to WBM. See ECF No. 35.

      The Court subsequently scheduled a hearing and on May 19, 2021, Baram appeared pro se at that hearing. See ECF Nos. 38-41. No attorney appeared to represent WBM and the Court noted that "it appears that it will be appropriate at this juncture to enter a default against the firm." See ECF No. 156 at 2. In response to the Court's statement, Baram stated "Yes, that is

1

correct, your Honor." Id. In a subsequent colloquy with the Court, Baram stated that he had "nothing [to] do with the LLC," he operated under a "sole proprietorship, which is not an LLC," and he "had to let Warren & Baram go [into default]." Id. at 5-6. At no point during Baram request additional time to seek counsel for WBM. See ECF No. 162 at 4. Following the hearing, on May 19, 2021, the Court entered a default judgment against WBM. See ECF No. 44.

On October 22, 2021, the entry of default against WBM was referred to Magistrate Judge Debra Freeman for a damages inquest under Rule 55(b)(2)(B). See ECF Nos. 77, 85. In response, Baram asked the Court to set aside the default against WBM because WBM "is an empty shell LLC with no assets or bank account." See ECF No. 88. WBM still had not retained counsel. On October 29, 2021, the Court entered an order setting a briefing schedule for the inquest on damages. See ECF No. 85. Plaintiff was directed to file any inquest submissions by November 29, 2021. Id. ¶ 1. The Court further ordered that any opposition to Plaintiff's inquest submissions be submitted by Defendants "no later than December 29, 2021." See id. at ¶ 4. Again, the Court warned Baram that WBM, as a corporate entity, "may not appear in this Court without an attorney." Id. Additionally, the Court explained that "[i]f Defendant fails to respond to Plaintiff's submissions by December 29, 2021, then this Court will proceed to issue a report and recommendation concerning damages on the basis of Plaintiff's written submission alone." Id. at ¶ 5. On November 30, 2021, Plaintiff filed its inquest submissions in support of damages. See ECF Nos. 91-98. By December 29, 2021, no opposition was filed on behalf of WBM. In 2022, Baram, acting pro se, submitted multiple letters to the Court, seeking to set aside the default. The requests were rejected both because Baram did not have standing to represent WBM and because the requests lacked merit. See ECF Nos. 110, 116, 129, 131, 133, 138, 139, 144, 145. In at least

one filing, Baram described the default judgment as against WBM as "volunteered." See ECF No. 120 at 2.

More than 19 months after the entry of default judgment against WBM, on January 10, 2023, T. Edward Williams filed a notice of appearance on behalf of WBM. See ECF No. 147. On February 21, 2023, WBM, now represented by counsel, filed a motion to set aside the default. See ECF Nos. 154-55. Plaintiff opposed the motion on March 9, 2023. See ECF No. 160. On July 19, 2023, the Court entered an order denying the motion. See ECF No. 162. WBM subsequently sought to appeal the Court's decision (see ECF No. 163), and on December 27, 2023, the appeal was dismissed "because a final order has not been issued by the district court" (see ECF No. 170).

On December 11, 2023, counsel for WBM submitted a letter to the Court, asking for "a briefing schedule for the parties to submit briefs" in connection with the inquest and for the inquest to be done at an in-person hearing. See ECF Nos. 166, 169. The undersigned scheduled a conference to address the request, which was held on January 18, 2024. See ECF No. 168. Following the conference, the Court issued an order directing WBM to make a motion under Federal Rule of Civil Procedure 6(b) because the deadline for briefing in connection with the inquest on damages had long passed. See ECF No. 171. The Court directed WBM to explain why good cause exists to extend WBM's time to respond to the inquest submissions. See ECF No. 171. Through counsel, WBM submitted a letter responding to the Court's order on February 2, 2024. See ECF No. 172. Plaintiff submitted a response on February 13, 2024. See ECF No. 173. In a letter dated March 1, 2024, Baram asked the Court that Mr. Williams, the attorney for WBM, be removed from the docket. See ECF No. 174. On March 1, 2024, the Court granted the application to remove Mr. Williams as counsel of record for WBM. See id. The Court again

warned Baram that a corporate entity cannot be unrepresented and afforded WBM 30 days to retain new counsel.

>Federal Rule of Civil Procedure 6(b)(1) provides:
>
>When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
>(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

The Second Circuit has construed this subsection as "requiring a finding of 'good cause' when a litigant seeks an extension before a deadline has passed and a finding of both 'good cause' and 'excusable neglect' when a litigant seeks an extension after a deadline has passed." Alexander v. Saul, 5 F.4th 139, 154 (2d Cir. 2021). Good cause under Rule 6(b)(1) has been described by the Circuit as a "'non-rigorous standard.'" Id. (quoting Manigault v. ABC Inc., 796 F. App'x 13, 15 (2d Cir. 2019) (summary order)). "[A]n application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Alexander, 5 F.4th at 154 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1165 (4th ed. 2021 update)).

Similarly, "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 392 (1993). The Second Circuit has recognized that the "inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Petaway v. Osden, 827 F. App'x 150, 152 (2d

Cir. 2020) (summary order) (quoting Raymond v. Int'l Bus. Machs. Corp., 148 F.3d 63, 66 (2d Cir. 1998)). Accordingly, "mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(1)(B)," Alexander, 5 F.4th at 154 (quoting Petaway, 827 F. App'x at 152) (emphasis in Petaway), and "law office failures to comply with required time-tables in civil cases may be excused where such failures arise from excusable neglect." Smith v. Baugh, No. 16-CV-906V(F), 2022 WL 268824, at *3 (W.D.N.Y. Jan. 28, 2022).

"[T]he Supreme Court has set forth a non-exhaustive list of factors to consider when determining whether a party's neglect is excusable: '[1] [t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Saviano v. Town of Westport, 337 F. App'x 68, 70 (2d Cir. 2009) (summary order) (quoting Pioneer Inv. Servs., 507 U.S. at 392). The question of "whether neglect is 'excusable' in a particular case rests with the sound discretion of the district court," Davidson v. Keenan, 740 F.2d 129, 132 (2d Cir. 1984) (quoting Manhattan-Ward, Inc. v. Grinnell Corp., 490 F.2d 1183, 1186 (2d Cir. 1974)), which enjoys "*wide discretion* to grant a request for additional time." Alexander, 5 F.4th at 154 (internal quotation marks and citations omitted; italics in original).

WBM has failed to show that its failure to meet the deadline set by the Court for responding to Plaintiff's inquest submissions was caused by excusable neglect. As such, WBM has not shown good cause for extending the long-past deadline to allow it to now oppose Plaintiff's inquest submissions. In its attempt to show good cause, WBM posits two grounds: (1) that Baram "clearly never understood what it meant for WBM to be defaulted;" and (2) that

Baram was incapacitated because of depression and he was the only person who could act for WBM but was "not up to the task of living on most days." See ECF No. 172 at 2-3. Both grounds are refuted by the record in this case.

With regards to Baram's claim that he did not understand what it meant for WBM to default, the record belies any misunderstanding or lack of understanding on Baram's part. First, Judge Ramos repeatedly explained to Baram the implications of WBM's default during conferences on February 5, 2021 and May 19, 2021. See ECF No. 159 at 11; ECF No. 156 at 2, 5-6. Additionally, Judge Ramos issued multiple orders warning Baram of the consequences of default should WBM not obtain representation. See ECF Nos. 23, 41, 44. Judge Freeman also warned Baram that the inquest could proceed without WBM having had an opportunity to oppose Plaintiff's submissions if WBM did not obtain counsel and file an opposition by December 29, 2021. See ECF No. 85 at ¶¶ 4-5. At no point did Baram or WBM seek an extension of time for purposes of attempting to obtain counsel, and nor did Baram ever explain to the Court that he or WBM lacked the funds to obtain counsel. See ECF No. 162 at 8. Second, and contrary to the current assertion that Baram was ignorant, the record demonstrates that Baram welcomed the entry of default against WBM. In ruling on WBM's motion to set aside the default judgment, Judge Ramos noted that the default was willful. See ECF No. 162 at 8. As the Court explained, Baram "at no point prior to the entry of default judgment" informed the Court of his efforts to retain counsel for WBM. Id. Instead, Baram, the sole owner of WBM, wrote in a letter to the Court that "he had 'volunteered' the default judgment. Id. (quoting ECF No. 120 at 2). Judge Ramos further noted that during a February 5, 2021 conference, Baram "said a potential default against WBM would not 'bother [him] at all. It has nothing to do with [him].'"

Id. (quoting ECF No. 158 at 11:22-23 (alteration in original)). Baram also added that he would let WBM go into default. Id. (quoting ECF No. 156 at 6:6-15)).

Turning to Baram's argument of incapacitation, Baram has not submitted any documentation or affidavit to support counsel's assertion that Baram's depression was so severe that he could not act to find counsel for WBM. There are no treatment records or an affidavit from a treating therapist (or any other licensed practitioner) to support the claim that Baram was so depressed that he was "not up to the task of living on most days for the first year and a half of this case." ECF No. 172 at 3. Aside from being wholly unsupported, the assertion is also belied by the record. During the year and a half referenced by counsel, Baram filed numerous filings in this case, appeared and presented argument at multiple court appearances, and also attended a settlement conference. See, e.g., ECF Nos. 19-1, 22, 65, 88, 120, 133, 156, 158.

Additionally, the record does not support a finding that the delay in WBM obtaining counsel and seeking to reopen the inquest briefing and extend the deadline to file an opposition was in good faith. As already discussed, Baram made statements to the Court indicating, at a minimum, his acquiescence in the entry of default against WBM. And although Batham now claims that he lacked the funds to obtain counsel for WBM (see ECF No. 172 at 2), Batham never previously informed the Court that he lacked funds to obtain counsel (see ECF No. 162 at 8). Moreover, WBM obtained counsel on January 10, 2023. See ECF No. 147. WBM's counsel, however, did not immediately seek to reopen the inquest briefing. Instead, counsel waited until December 11, 2023, 11 months after his appearance in this case. See ECF No. 166. WBM does not even attempt to explain this delay. See ECF No. 172.

Finally, further delay in this case would prejudice Plaintiff. Plaintiff commenced this case on November 12, 2020, alleging that she was trafficked by Baram and WBM, while she was a

minor, for purposes of her being sexually assaulted by Peter Nygard in 2007. See ECF No. 1. Default judgment was entered against WBM on May 19, 2021. See ECF No. 44. The inquest that WBM seeks to reopen was fully briefed in December 2021. In any event, even if Plaintiff were not prejudiced by further delay (and she is), the Second Circuit has explained that the reason for the delay "will always be critical to the inquiry" and thus there "must be a satisfactory explanation for the late filing." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 n. 7 (2d Cir. 2003). And for all the reasons discussed, WBM has failed to proffer a satisfactory explanation for the failure to timely oppose Plaintiff's inquest submissions.

**SO ORDERED.**

DATED:   New York, New York
         March 22, 2024

_____
VALERIE FIGUEREDO
United States Magistrate Judge