UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Petitioner,

– *against* –

JONATHAN BARAM *and* WARREN & BARAM MANAGEMENT LLC,

                Respondent.

**ORDER**

20-cv-9522 (ER)

RAMOS, D.J.:

      On November 12, 2023, plaintiff Jane Doe filed the instant complaint against defendants Jonathan Baram and Warren & Baram Management LLC ("WBM"), asserting three claims under the Trafficking Victims Protection Reauthorization Act and various state-law claims. *Id.* After entry of default judgement against WBM, the case was assigned to Magistrate Judge Valerie Figueredo for an inquest on damages and other costs and fees. Before the Court is the Report and Recommendation ("R&R") issued by Judge Figueredo on May 3, 2024. In the R&R, Judge Figueredo recommends that the Plaintiff be awarded (1) $1,000,000, comprised of $500,000 in compensatory damages and $500,000 in punitive damages, (2) $142,570 in attorney's fees, and (3) $774 in costs. Neither party has objected to the R&R. For the reasons stated herein, the Court adopts the R&R.

      By March 11, 2021, no attorney had entered an appearance for WBM and the Court warned that if counsel for WBM did not enter an appearance by April 11, 2021, WBM would be held in default. Doc. 23. With no lawyer having entered an appearance, on May 5, 2021, the Court ordered WBM to show cause why it should not be deemed to have defaulted, Doc. 41, and on May 19, 2021, ordered default judgement against WBM, with damages and costs to be

determined upon resolution of this action.  Doc. 44.  On August 26, 2021, the case was referred to Magistrate Judge Debra C. Freeman for settlement regarding the remaining claims against defendant Baram.  Doc. 55.  On October 22, 2021, Plaintiffs dismissed the case against Baram, Doc. 78, and the Court referred the case to Judge Freeman for inquest as to WBM after default.  Doc. 77.   The case was reassigned to Judge Figueredo on April 30, 2022.

Thereafter, on January 1, 2023, attorney William T. Edwards entered an appearance on behalf of WBM, and filed a motion to set aside the default judgement.  Docs 147, 152.  Edwards argued that the default judgement should be set aside because applying *Enron Oil Corporation*'s principles, (1) WBM's default was not willful, (2) Plaintiff could not show prejudice, and (3) WBM had meritorious defenses.  Doc. 152; *see Enron Oil Corporation v. Diakuhara*, 10 F.3d 90, 95–98 (2d Cir. 1993).

Upon briefing, the Court determined that Defendant's Rule 60(b) arguments were premature because no final judgement had been entered.  Doc 162.  On August 18, 2023, Defendant appealed the default judgement to the Second Circuit Court of Appeals, but the appeal was dismissed because the Circuit held that a final order had not yet been issued by the district court.  Doc 170.  On March 17, 2024, the Court granted Baram's request to remove William T. Edwards, as counsel of record for WBM.  Doc. 174.  In its endorsement, the Court stated that "as corporate entities must be represented by counsel, [WBM] has [until April 10, 2024] to retain new counsel and for new counsel to enter an appearance on the docket." *Id.*  No appearance was entered by that date.

On May 3, 2024, Judge Figueredo issued a R&R recommending Plaintiff be awarded (1) $1,000,000, comprised of $500,000 in compensatory damages and $500,000 in punitive

damages, (2) $142,570 in attorney's fees, and (3) $774 in costs.  Doc. 188.  The R&R made clear to the parties that they had fourteen days from its service to file written objections.  *Id.* at 26–27.

Mr. Baram—who has electronic access to the Court's electronic filing system ("ECF")—notified the Court on May 30, 2024, that he "received the recommendation document" but was requesting "more time to view it."  Doc. 195.  Almost a month has passed and no appearance by counsel has been entered on behalf of WBM nor have any objections or further requests for extension of time been filed.  Additionally, While Baram has indicated an intention to review the R&R, he has repeatedly disavowed having personal connection to WBM, claiming that he "ha[s] no association with WBM" and "never consented to its formation."  Docs. 179.  Additionally, as a *pro se* litigant, he is unable to represent WBM, a corporation.  *See, e.g., Kaplan v. Bank Saderat PLC*, 77 F.4th 110, 116 n.8 (2d Cir. 2023) ("it is well settled, [] that a corporation may appear in federal court only through an attorney and may not proceed *pro se*."); *Hounddog Productions*, L.L.C. v. Empire Film Grp., Inc., 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011).  Accordingly, WBM has waived its right to object to the R&R.  *See Dow Jones & Co. v. Real-Time Analysis & News, Ltd.*, No. 14 Civ. 131 (JMF) (GWG), 2014 WL 5002092, at *1 (S.D.N.Y. Oct. 7, 2014) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.1992); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)).

## I.  STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

3

A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

II. **DISCUSSION**

Notwithstanding that no objections were filed, the Court reviewed Judge Figueredo's thorough and well-reasoned report and finds no error, clear or otherwise. The Court therefore adopts Judge Figueredo's recommended decision regarding the award of attorney's fees and costs for the reasons stated in the R&R.

Accordingly, the Clerk of the Court is respectfully directed to enter judgement and close the case.

It is SO ORDERED.

Dated:  July 8, 2024
        New York, New York

                                                        _____
                                                        EDGARDO RAMOS, U.S.D.J.