UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

– v. –

JONATHAN BARAM *and* WARREN & BARAM MANAGEMENT LLC,

Defendants.

**OPINION AND ORDER**

20-cv-9522 (ER)

Ramos, D.J.:

Jane Doe brought claims against Jonathan Baram ("Baram") and Warren & Baram Management LLC ("WBM"), a talent management agency owned by Baram, pursuant to the United States federal sex trafficking statute, 18 U.S.C. §§ 1591, et seq., and other state laws, on November 12, 2020. Doc. 1. Baram was voluntarily dismissed by the Plaintiff approximately five years ago on October 22, 2021. Doc. 78. Judgement was subsequently entered against WMB, which had defaulted, approximately two years ago on July 9, 2024, Doc. 200, at which time the case was closed. Before the Court is Baram's motion to proceed under a pseudonym—his initials—and seal the record. Doc. 220. It is only the latest of a number of similar requests made by Baram to strike or seal portions of the record, *See, e.g.,* Docs. 56, 122, 135, 206, all of which have been denied. *See* Docs. 72, 126, 136, 207. Doe opposes the application. Doc. 230. For the reasons set forth below, the motion is DENIED.

As a preliminary matter, Doe argues that because the Court entered judgment against the last remaining defendant in July 2024 and did not retain jurisdiction, it is without authority to rule on the request. The Court concludes that it does have the authority to grant the relief requested, but will decline to grant the motion.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "When a district court issues a final decision, it 'disassociates itself from a case.'" *Hendrickson v. United States*, 791 F.3d 354, 360 (2d Cir. 2015) (quoting *Swint v. Chambers County Comm'n,* 514 U.S. 35, 42 (1995)). At that point, "its jurisdiction over that case comes to an end, except for certain collateral matters ...." *Id.* (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)). It does not follow, however, that the issuance of a final decision divests a court of jurisdiction either to dispose of material in its files as it thinks appropriate or to modify or vacate its own protective orders with respect to such documents. *Gambale v. Deutsche Bank AG, et al*., 377 F.3d 133, 140 (2d Cir. 2004). It is, moreover, fundamental that "[e]very court has supervisory power over its own records and files." *Id*. at 141 (quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)); see also *United States v. Graham*, 257 F.3d 143, 152 (2d Cir.2001) (quoting *Nixon*). "It is undisputed that a district court retains the power to modify or lift protective orders that it has entered." *In re "Agent Orange" Prod. Liability Litig.*, 821 F.2d 139, 145 (2d Cir.), *cert. denied*, 484 U.S. 953 (1987). The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost. *Gambale,* 377 F.3d at 141. "The records and files are not in limbo. So long as they remain under the aegis of the court, they are superintended by the judges who have dominion over the court." *Id.*[1]

However, while the Court determines that it has the authority to grant the relief requested by Baram, it will not change course from the determinations it has made on the several prior occasions when Baram made the same application. The common law right of public access turns

[1] While the Court has determined that it has continuing jurisdiction over the record of this case, that jurisdiction is not unlimited. The Court accordingly determines that it has no jurisdiction to sanction Baram, as Doe requests. Doc. 230 at 2.

on whether the document at issue is a judicial document, to which the common law presumption applies. *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process*." Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation marks omitted). Once a record is deemed a judicial document, the court must determine the weight of the common law presumption of access based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation marks omitted). The court must then balance the weight of the presumption of access against considerations counseling against disclosure, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. at 120 (quotation marks omitted). Here, there is no question that the sweeping sealing order that Baram seeks involves judicial documents. At an inquest conducted after the default of WBM, the Magistrate Judge relied on the record evidence to issue a Report and Recommendation, Doc. 188,[2] that the Court adopted in its entirety. Doc. 199.

Moreover, apart from Doe's name, this case has never been sealed and Baram's name has appeared on the docket from the beginning. As the Second Circuit has acknowledged, once otherwise confidential or sensitive information is publicly filed and has been "disseminated prominently" the Court "simply do[es] not have the power, even were [it] of the mind to use it if [it] had, to make what has thus become public private again." *Gambale,* 377 F.3d at 144 & n.10.

---

[2] As Doe highlighted in her opposition, the Magistrate Judge expressly referred to the complaint and other documents in the record. See Doc. 188 at 2 n.2. (The facts recounted here are established by the evidence submitted in support of this inquest and the allegations in the Complaint, which are deemed admitted except as to damages, because of WBM's default. *See Finkel v. Romanowicz*, 577 F.3d 79, 83-84 (2d Cir. 2009))."

"Once "[t]he genie is out of the bottle," the Court "ha[s] not the means to put the genie back." *Id.* Numerous courts have followed the Circuit in recognizing the impossibility of "mak[ing] private that which has already become public." *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018); *see, e.g., Rollag v. Cowen Inc.,* 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) ("In light of the existing press coverage of the Complaint, the Court concludes that sealing would be futile at this stage."); *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012) ("Any balancing of the interests here, however, would be academic as the information the Government and Doe seek to maintain sealed has already been publicly revealed; the cat is out of the bag."); *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 144 (N.D.N.Y. 2007) ("We cannot unsay what has already been said in the public forum."). "Courts in this Circuit thus 'routinely deny sealing requests where ... the information to be sealed is already publicly available.'" *United States v. Paduch*, 2024 WL 167198, at *2 (S.D.N.Y. Jan. 16, 2024) (quoting *Grossberg v. Fox Corp*., 2023 WL 2612262, at *1 (S.D.N.Y. Mar. 23, 2023)) (collecting cases).

For the reasons set forth above, Baram's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 220.

It is SO ORDERED.

Dated: September 30, 2026
New York, New York

Edgardo Ramos, U.S.D.J.